JOHN WILSON, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

In order to convict of larceny, the jury must be satisfied, that the *taking* of the property was with a felonious intent; it is not sufficient to find, that, after the taking, it was converted to the use of the prisoner with a felonious intent.

It is necessary to find that the intent to steal existed at the time of the taking — "*cepit animo furandi.*"

THE plaintiff in error was tried at the April Term of the Court of General Sessions, 1868, upon an indictment for larceny from the person, or for what is more familiarly known as picking pockets. The evidence, as developed on the trial, showed that Andrew Hafner, residing at No. 341 Seventh avenue, in the city of New York, upon the afternoon of the 20th February, 1868, while walking in the Bowery about two o'clock, met John Wilson, a person whom he had known for a year or two. At the time of meeting Wilson, Hafner had on his person a gold watch, worth eighty dollars, and twenty-five dollars in money. Wilson told Hafner that he had no money, whereupon Hafner loaned him a couple of dollars, and gave him something to eat, after which they spent the afternoon together, drinking at various places. Toward evening, Hafner, the complainant, got very drunk; about seven o'clock in the evening, Wilson, in company with Hafner, came to the cigar store of Lowenthal & Bro., No. 377 Bleecker street; there were in the store at the time the two Lowenthals and two other persons, all of whom were strangers to Hafner and Wilson. Hafner fell down in front of the store door, whereupon Wilson came into the store and inquired who the boss was; upon being informed by Mr. Lowenthal that he was, Wilson asked permission to bring Hafner into the store, and let him sit on a chair for half an hour; the favor was granted; Wilson then brought Hafner into the store. Hafner was drunk, while Wilson appeared to be sober; after being in the store about ten or fifteen minutes,

Wilson stated that he was a friend of Hafner's, that Hafner lived in Seventh avenue, and kept a boarding-house, and that a couple of fellows had followed him from Houston street, and wanted to pick his pockets, and that he was going to take his (Hafner's) money. Wilson then took Hafner's watch and money out of his (Hafner's) vest pocket, and showed it to all of us, and said, " Gentlemen, 'I want you to be witnesses that I did not take more than twenty-two dollars and this gold watch. This man might get sober and he might blame me that I took more." At the time Wilson took the watch and money and said this, there were two persons beside Mr. Lowenthal and his brother present in the store. After taking Hafner's property, Wilson said he would like to go home; Lowenthal, thinking it best they should take a carraiage, went and got one; Hafner and Wilson then got into it and rode off; about ten minutes afterward the carriage returned to the store with Hafner alone, Wilson having left him. The Lowenthals, in consequence of the intoxicated condition of Hafner, took and left him at the ninth police station. Upon Hafner's coming to his senses, he discovered the loss of his property; when he was told by the Lowenthals, that Wilson took it from him while he was in their cigar store. About a week afterward, Hafner saw Wilson, and charged him with taking his property, when he (Wilson) denied it. Hafner then caused the arrest of Wilson, who was identified by the Lowenthals as the man who took the watch and money. Hafner never recovered his property. In charging the jury, the court said :

" As matter of law, I charge you, it is not necessary, in order to find a verdict of guilty, that the felonious intent existed at the time of taking the watch and money, but it will be sufficient, if such intent existed at the time, that the prisoner actually converted the same to his own use."

*W. F. Kintzing*, for the plaintiff in error.

*A. Oakey Hall*, for the defendants in error.

MASON, J.   The prisoner, the plaintiff in error, was tried in the Court of General Sessions of the city of New York, upon an indictment for larceny, in stealing from the person of another, and sentenced to imprisonment in the State's prison for the term of five years.

The error complained of is to the charge of the recorder to the jury.   In his charge, he said, " as matter of law, I charge you, it is not necessary, in order to find a verdict of guilty, that the felonious intent existed at the time of taking the watch and money, but it will be sufficient if such intent existed at the time the prisoner actually converted the same to his own use."

This charge cannot be sustained.   The law is the very converse of the proposition stated by the recorder.   Lord COKE lays down the rule as drawn from the year books, that the taking must be felonious, *" cum animo furandi,"* and " the intent to steal must be when it cometh to his hands or possession; for, if he hath the possession of it unlawfully, though he hath *'animum furandi'* afterward, and carrieth it away, it is no larceny." (3 Coke's Inst. 107.)   Such is the rule established by an unbroken current of decisions in England and this country.   I will content myself by referring to a few of the adjudged cases in England and in this State. (*Button's case,* 28 Eliz. ; 2 East's Pleas of the Crown, p. 553 ; 1 Leach, 411; *Rex* v. *Leigh,* 2 East P. C. 694; *Rankin's case,* Russ & Ryce, 44 ; *The People* v. *Anderson,* 14 Johns. 294; *The People* v̇. *Call,* 1 Denio, 120.)   The rule has become elementary, and is supported by Blackstone, Chitty, Russell, Roscoe, Hawkins, Hale, Lord Coke, East, Leach, Starkie, Wharton, Barbour, and, in short, by all of the elementary writers that I have consulted. (2 Stark. Ev. p. 606; 4 Black. Com. 232; Ros. Cr. Ev. 533, 541; Whart. Am. Cr. Law, 1752, 5th ed.; Barb. Cr. Law, 153; 1 Hale, 504; 1 Hawkins, chap. 33, § 2; Arch. Cr. Pl. 186, 189.)   This is the rule in regard to larceny generally, and it certainly applies with greater force to an indictment under this statute, which provides, that, " whenever any larceny shall be committed by stealing, taking and carrying away from the person of

another, the offender may be punished as for grand larceny, although the value of the property taken shall be less than twenty-five dollars." (Laws 1862, chap. 374, § 2.)

The charge must be construed with reference to the case before the court, which certainly was one where the jury might have found, that the prisoner did not, when he took the watch and money from Hafner, intend to steal it. Hafner was drunk, and wholly incapable of taking any care of them himself, and the same was taken in the presence of four respectable persons, whose attention he called to it, and wished them to see how much money there was, that Hafner might not claim any more of him than he took. It belonged to the jury, upon the evidence, to say, whether the prisoner intended to steal this property when he took it from the person of Hafner, and if the judge had left simply that question to the jury, no ground of complaint would exist; but he told the jury, that, if he did not intend to steal the property when he took it from Hafner, but made up his mind to steal it afterward, at the time he converted it, they should still convict him.

This will not do in a common case of larceny, much less under an indictment for stealing from the person.

The effect of this charge was to say to the jury they might convict the prisoner if they found he took the property honestly from him to preserve it for him, only so that he afterward made up his mind he would steal it.

The judgment must be reversed, and a new trial granted.

Judgment reversed, and new trial ordered.