HENRY SMITH, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

If by a trick or artifice the owner of property is induced to part with the custody or naked possession for a special purpose to one who receives the property *animo furandi*, the owner still meaning to retain the right of property, the taking is larceny; but if the owner part not only with the possession, but the right of property also, the offence of the party obtaining them will not be larceny, but that of obtaining goods under false pretences.

Plaintiff in error obtained from the wife of the complainant, M., a watch, chain, etc., and some money by falsely representing that M. had been arrested for a crime and had sent him to her for some money. He was to pawn the chattels and to give the money and ticket to M. He practiced the fraud with the felonious intent to appropriate the property to his own use, and he did so appropriate it. *Held*, that he was properly convicted of the crime of larceny.

(Submitted May 27, 1873; decided June 3, 1873.)

ERROR to the General Term of the Supreme Court in the first judicial department to review judgment, affirming judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting plaintiff in error of the crime of grand larceny.

Upon the 19th day of July, 1872, the plaintiff in error called upon one Sarah March and informed her that her husband, Charles March, was arrested and locked up on a charge

of striking a man over the head with a chair, and that her husband had sent him to her to get some money, twelve dollars, and unless she sent it he would be locked up all night. Not having any money, and, upon the solicitation of the prisoner, believing his statement to be true, she gave him a watch, chain and a locket or cross, and two dollars in money, belonging to her husband, which property he was to pawn and give the ticket and money to her husband. The property was given to him and he left. The statement of the prisoner was false. Charles March, the husband, never had been arrested, never sent him for any money, and did not know him. The plaintiff in error appropriated the property so obtained to his own use.

The court charged the jury, in substance, that if they believed the evidence of the prosecution and that the prisoner at the time of the taking had the felonious intent to appropriate the property, it was larceny, to which the prisoner's counsel excepted. The jury rendered a verdict of guilty.

*William F. Kintzing* for the plaintiff in error. The court erred in charging the jury that upon the facts they could convict of larceny. (2 East P. C., 553; Whart. Am. Cr. Law [5th rev. ed.], 1752.) The felonious intent must exist at the time of the taking to constitute larceny. (*People* v. *Wilson*, 39 N. Y., 460; *People* v. *Call*, 1 Den., 120; *People* v. *Anderson*, 14 J. R., 294.) Where one parts with his property, voluntarily consenting thereto, it cannot be larceny, however fraudulent the means by which it was obtained. (2 East P. C., 668, and cases cited; *Ross* v. *People*, 5 Hill, 294; 1 Archb. Cr. Pldgs., 895; Whart. Am. Cr. Law [5th rev. ed.], 1789; 1 Russ. on Crimes, 563; *Lewer* v. *Commonwealth*, 15 Serg. & Rawle, 93; *Commonwealth* v. *James*, 2 B. & H. Ldg. Cr. Cas. [2d rev. ed.], 181, 204; *Blunt* v. *Commonwealth*, 4 Leigh, 689; *Rex* v. *Jackson*, 1 Moody C. C., 119; *Mowrey* v. *Walsh*, 8 Cow., 238; *Regina* v. *Barnes*, 2 Den. C. C., 59; *Reg.* v. *Adams*, 1 id., 38; *Rex* v. *Adams*, Russ. & Ry. C. C., 225; *Reg.* v. *Thomas*, 9 Carr. & P., 741.) The judgment

should be reversed and the prisoner discharged. (*Ranney* v. *People*, 22 N. Y., 413; *McCord* v. *People*, 46 id.)

*Benjamin K. Phelps* for the defendants in error. The property being delivered to the prisoner for a special purpose, the possession remained unparted with in Mrs. March. (2 Russ. on Crimes, 21, 22; 2 East, 668; 2 Bish. Cr. Ldg. Cas. [5th ed.], 812, 813; *Reg.* v. *Boman*, Car. & M., 595; *Reg.* v. *Evans*, 1 id., 132; *Reg.* v. *Heath*, 2 Moody, 33; *Reg.* v. *Smith*, 1 Car. & K., 423; *Rex* v. *Hench*, Russ. & Ry., 163; 1 Hawkins' B., chap. 33, § 9, p. 209.)

ALLEN, J. The accused obtained the custody of the chattels and money of the prosecutor from his wife by a fraudulent device and trick, and for a special purpose, connected with the falsely represented necessities of the owner, with the felonious intent to appropriate the same to his own use. He did not pawn or pledge the goods, as he proposed to do, but did appropriate the same to his own use, in pursuance of the felonious intent with which he received them. This constitutes the crime of larceny. The owner did not part with the property in the chattels, or transfer the legal possession. The accused had merely the custody; the possession and ownership remaining in the original proprietor. The proposition is elementary that larceny may be committed of goods obtained from the owner by delivery, if it be done *animo furandi*. (Per COWEN, J., *Cary* v. *Hotailing*, 1 Hill, 311; Am. Crim. Law, by Wharton, § 1847, *et seq.; Reg.* v. *Smith*, 1 C. & K., 423; *Reg.* v. *Beaman*, 1 C. & M., 595; *Reg.* v. *Evans*, id., 632.)

The rule is, that when the delivery of goods is made for a certain special and particular purpose, the possession is still supposed to reside, not parted with, in the first proprietor. It is stated that if a watchmaker steal a watch delivered him to clean, or if a person steals clothes delivered for the purpose of being washed, or guineas delivered for the purpose of being changed into half guineas, or a watch delivered for

the purpose of being pawned, the goods have been thought to remain in the possession of the proprietor, and the taking them away held to be a felony. (1 Hawk., P. C., 33, § 10; 2 Russell on Crimes, 22.) A distinction is made between a bare charge or special use of the goods, and a general bailment; and it is not larceny if the owner intends to part with the property, and deliver the possession absolutely, although he has been induced to part with the goods by fraudulent means. If by trick or artifice the owner of property is induced to part with the custody or naked possession to one who receives the property *animo furandi*, the owner still meaning to retain the right of property, the taking will be larceny; but if the owner part with not only the possession, but the right of property also, the offence of the party obtaining them will not be larceny, but that of obtaining goods by false pretences. (*Ross* v. *People*, 5 Hill, 294; *Lewer* v. *Commonwealth*, 15 S. & R., 93; 2 Russell on Crimes, 28.) Here the jury have found the intent to steal at the time of taking, which is all that is required to constitute larceny, where the mere possession is obtained by fraud or trick. (*Wilson* v. *People*, 39 N. Y., 459; *People* v. *Call*, 1 Den., 120; *People* v. *McDonald*, 43 N. Y., 61.)

The conviction was right, and the judgment must be affirmed.

All concur.

Judgment affirmed.