JAMES KELLY, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

*Larceny — Obtaining money by false pretenses — when prisoner not discharged from custody.*

To procure the possession of property by an artifice or trick, with a felonious design, the title of the owner remaining unchanged, is larceny; but if the owner is deceived into the surrender of the title, as well as the possession of his property, by means of fraudulent representations, then the offense is that of obtaining money by false pretenses.

Accordingly, where the plaintiff in error induced the complainant to loan him fifty dollars, upon depositing with him certain spurious pieces in the form and similitude of gold coin, and which he represented to be gold coin, the intention being that he should use the money to buy liquors, which, however, he did not do, but absconded with the money, *held,* that he was not guilty of larceny.

*Held,* further, that the plaintiff in error should not be discharged from custody, but should be detained until a new trial could be had, if further evidence could be procured by the prosecuting officer, or until an opportunity might be afforded to the grand jury to find another indictment against him.

Writ of error to the New York Court of General Sessions, to review the conviction of the plaintiff in error of the crime of grand larceny.

This prisoner was indicted for grand larceny in stealing fifty dollars from one William Ross, and was tried at the General Sessions on the twenty-sixth of November. The testimony showed that the complainant, being employed upon a steamer running to Florida, was met by the prisoner on the day the steamer sailed. The prisoner professed to be a passenger upon the same steamer, and asked the complainant's assistance to bring some bottles on board the vessel. The complainant accompanied him to get the bottles. The prisoner showed the complainant some pieces of what appeared to be gold coin ; asked the complainant to lend him some money, saying: " I will give you these," and said that he wanted the money to purchase some bottles of liquor in a saloon, in front of which they stood ; asked the complainant to wait for him while he went in and made the purchase ; and having thus obtained fifty dollars of the complainant's money, he asked the complainant to wait for him while he went into the saloon, promising to return in five minutes. He entered the saloon and slipped out of the back door and made his escape, leaving the complainant to wait for him. He never returned, but was discovered by the complainant in the street, subsequently, and arrested. He was convicted of grand larceny, and now brings his writ of error to this court to review the conviction.

*William F. Kintzing*, for the plaintiff in error. The prosecutor parted not only with possession of the money, but also with the property in it ; therefore it was not larceny. It is not larceny if the owner of personal property intends to part with the property and delivers the possession absolutely, although he has been induced to part with it by fraudulent means. (*Hildebrand* v. *The People*, 56 N. Y., 396 ; *Rex* v. *Hunt*, 8 Cox's Crim. Cas., 495 ; Roscoe's Crim. Ev. [7th ed.], 626–636 ; *Smith* v. *The People*, 53 N. Y., 111 ; *Weyman* v. *The People*, 11 S. C. [4 Hun], 511 ; *Wilson* v. *The People*, 39 N. Y., 360 ; *Lewer* v. *Comm.*, 15 Serg. & Rawle, 93 ; 2 East Pl. Cr., 668, and cases cited; Whart. Am. Crim. Law [5th rev. ed.], 1780 ; Arch. Crim. Pldgs. 895 ; *Com.* v. *James*, 2 B. & H. Ldg. Cr. Cas. [2d rev. ed.], 181, 204 ; *Blunt* v. *Com.*, 4 Leigh, 689 ; *Rex* v. *Jackson*, 1 Moody Cr. Cas., 119 ; *Mowery* v. *Walsh*, 8 Cow., 238 ; *Requa* v. *Barnes*, 2 Den. Cr. Cas., 59 ; *Reg.*

v. *Thomas*, 9 Carr. & Payne, 741; *Reg.* v. *Adams*, 1 Den. Cr. Cas., 38; *Rex* v. *Adams*, Reiss & Ry. C. C., 225; 2 Russ. on Crimes [6th ed.], 35.)

*Benj. K. Phelps*, district attorney, for the defendants in error.

DANIELS, J.:

The indictment was for the crime of grand larceny, committed by stealing circulating currency. The facts attending the commission of the offense were shown by the evidence of the complaining witness. From that it appears that, at the solicitation of the prisoner, he loaned him fifty dollars in bills, upon receiving from him fraudulent and spurious pieces in the form and similitude of gold coin, and represented to be gold coin by the prisoner. They were five in number, and supposed by the witness, who could not read, to be gold coin. The prisoner represented that he would not sell them unless he received a premium of fifty cents on the dollar, and applied for the bills to purchase some bottles of liquor to take upon the ship, on which he represented himself to be a passenger, and on which the witness was employed as a hand. It was clearly the design of the witness that the bills should be advanced as a loan on the security of the pieces he supposed to be genuine gold coin, and that the prisoner should be at liberty to use them in the purchase of the bottles of liquor. That use he did not make of them, but after entering the place where he stated the liquor was to be bought, he at once disappeared by leaving it through a rear door. Upon the facts proved, no room existed for doubting that the prisoner intended to defraud the witness of his property. Every statement made by him was false, and he justly deserved all the consequences which have followed his offense. But, however guilty he may have been of crime, in procuring and converting to his own use the money of the complaining witness, he could not for that reason be indicted and convicted of a different crime from the one he committed. When the bills were delivered, it was the owner's intention that they should become the property of the prisoner, who received them. Those bills were not to be returned, but others afterward were, for the purpose of discharging the debt created by the loan. The title passed from the owner of the bills with his

consent; procured, it is true, by fraudulent representations. That did not constitute the crime of larceny, but that of obtaining money by false pretenses. The distinction between the offenses, although a narrow, is still a material, one. When the possession of property is procured by artifice or trick, with a felonious design, while the title of the owner remains unchanged, a case of larceny will be made out. But if the owner is deceived into the surrender of the title, as well as the possession, of his property, by means of fraudulent representations, then the offense will not be one of larceny, but of false pretenses. (*Weyman* v. *People*, 11 N. Y. Sup. Ct. [4 Hun], 511; *Regina* v. *Thomas*, 9 Car. & P., 741 [38 Eng. C. L., 429]; *Smith* v. *People*, 53 N. Y., 111.) According to these rules and authorities, the prisoner could not properly be convicted of larceny, in receiving and appropriating to his own use the property of the complaining witness, under the circumstances disclosed by the evidence. His offense was that of obtaining money by false pretenses, and with that he should be charged, unless it can be made to appear, that it was not intended that the prisoner should become the owner of the bills at the time when he received them. He is not entitled to be discharged from custody because he has been tried for an offense not committed by him, and the case of *McCord* v. *People* (46 N. Y., 470), secures him no such right. According to the evidence he has probably been guilty of an offense for which he may yet be indicted and tried, and he should be detained in custody until a further trial of the present indictment can be secured, in case further and different evidence may be within the power of the prosecution, on which that can properly be done, or until an opportunity may be afforded of presenting the case to another grand jury, and he can be placed upon trial for obtaining money by false pretenses, if an indictment for that offense shall be presented. The present and only disposition now required to be made by this court, is that the judgment should be reversed and a new trial directed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial directed.