### TREDWELL v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

#### No. 1765.

1. **Larceny ⬤⟿30(1)—Indictment held to sufficiently describe property.** . . .
   An indictment charging in several counts the larceny at different times of quantities of nitrate of soda *held* to sufficiently describe the property.
2. **Embezzlement ⬤⟿13—Larceny ⬤⟿15(3)—Appropriation of property, after rightful possession has ended, larceny, and not embezzlement.**
   Where defendant, employed as a stevedore to unload nitrate owned by the government, from vessels and load it into cars for further shipment, after it was so loaded caused certain of the cars to be billed to private consumers, to whom he sold the contents, his offense was larceny, and not embezzlement.
3. **Larceny ⬤⟿15(1)—Conversion by bailee, pursuant to prior intention, larceny.**
   If, at the time of lawfully coming into possession of property of another, the one to whom the property is intrusted has the intention of appropriating it to his own use, the crime thus committed is larceny.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]
4. **Embezzlement ⬤⟿11(1)—Conversion by bailee.**
   Where one comes lawfully into possession of property, and afterwards and while it is in his possession forms and carries out the purpose of appropriating it to his own use, the crime thus committed is embezzlement.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzlement.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk.

Criminal prosecution by the United States against W. B. Tredwell. Judgment of conviction, and defendant brings error. Affirmed.

Certiorari denied 253 U. S. ——, 40 Sup. Ct. 587, 64 L. Ed. ——.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry K. Wolcott, of Norfolk, Va. (H. L. Lowry and Wolcott, Wolcott, Lankford & Kear, all of Norfolk, Va., on the brief), for plaintiff in error.

Hiram M. Smith, U. S. Atty., of Richmond, Va., for the United States.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

KNAPP, Circuit Judge. In an indictment containing 31 counts the above-named plaintiff in error, herein referred to as defendant, was charged with stealing, at various times stated, a large quantity of nitrate of soda belonging to the United States. At the trial, and after the evidence was all in, the prosecution of 12 counts was abandoned, with the consent of the court; on the remaining counts a general verdict of guilty was returned by the jury.

[1] The assignments of error present but two questions. It is argued in the first place that the court should have sustained a demurrer to the indictment, on the ground that in none of the counts was the property alleged to have been stolen described with such certainty as to inform defendant of the precise charge he was called upon to meet, or to protect him from subsequent prosecution for the same offense. We are unable to sustain the contention. Each count of the indictment is in the ordinary form of an indictment for larceny. It sets out the time and place of the alleged theft, the kind of property taken, the amount of the same, and its value; and this we think was sufficient. Indeed, the brief of defendant fails to indicate in what manner, or by what terms of identification, the property in question might have been more accurately described. The character of the transactions in which defendant engaged, and the numerous acts of wrongdoing of which he was accused, entitled him, as may be conceded, to a bill of particulars, which was furnished, showing that the nitrate was contained in bags, that it came to Norfolk in certain vessels, was imported by certain importers, and loaded upon certain cars; but the absence of these particulars did not make the indictment defective, since each count contained a sufficient charge of larceny. The demurrer was properly overruled.

The other question is based on the refusal of the trial court to direct a verdict for defendant; the contention being that the government failed to prove a case of larceny, though it may have proved a case of embezzlement. The facts in this connection are briefly these:

In the summer and fall of 1918 the United States was importing large quantities of nitrate of soda from Chile through the port of Norfolk, Va., for use in various munition factories. This nitrate came by vessel to Norfolk, where it was unloaded and placed in cars on the tracks of the Norfolk & Western Railway. The contractors engaged to perform the transportation service employed defendant, who was a stevedore, to unload the nitrate from the vessels, reload it into the cars, and bill the cars to the munition plants as directed by the Ordnance Department. What the defendant did, as the government claims and

the jury must have found, was to bill a number of cars to certain fertilizer companies and other consumers, to whom he sold the nitrate through a Norfolk broker. In the instances in which this was done he sent fictitious bills of lading to the officers in charge of the munition plants, thus apparently complying with the directions of the Department, though of course the diverted nitrate never reached its proper destination. This being the method of operation, it is claimed that the property came lawfully into the possession of defendant under his employment by the contractors, and therefore it was not larceny, but embezzlement, if he appropriated some part of it to his own use. He invokes the ruling or definition of the Supreme Court in Moore v. United States, 160 U. S. 268, 16 Sup. Ct. 294, 40 L. Ed. 422, as follows:-

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted, or into whose hands it has lawfully come, and it differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking."

[2] The first answer to the contention is this: Granted that defendant had lawful possession of the nitrate for the purposes of his employment, we think it clear that such possession ceased when the loading of the cars was completed, and that the property then passed into the possession of the railroad company. When he thereupon caused it to be billed to his own customers, instead of the munition plants, his diversion of the property was in substance a felonious taking of it from the railroad company, and this brought his act within the accepted definition of larceny. There was evidence to the effect that defendant, as agent of the contractors and with the government's consent, had the custody of the nitrate for the government up to the time it was delivered to the railroad, and that he was the agent of the railroad in loading it into the cars. Therefore, when the nitrate was placed in the cars, it was in the custody and possession of the railroad, and under control of defendant as the railroad's agent, and not as the government's agent. It follows that his conversion of the nitrate at any time after that was not the embezzlement of property which he held for the government, but the stealing of government property in the hands of the railroad.

[3, 4] There is another and equally conclusive answer. Where one comes lawfully into the possession of property, and afterwards and while it is in his possession forms and carries out the purpose of appropriating it to his own use, the crime thus committed is the crime of embezzlement; but if, at the time of getting possession lawfully, the one to whom property is intrusted has the intention of appropriating it to his own use, the crime thus committed is the crime of larceny. This is the distinction which seems to be drawn by the Supreme Court in Grin v. Shine, 187 U. S. 181, 196, 23 Sup. Ct. 98, 47 L. Ed. 130, where the subject is discussed and a number of authorities cited. Moreover, the opinion indicates that this is the meaning to be imputed to Moore v. United States, supra.

In the light of this authority it is enough to say that the jury were amply warranted in finding an intention on the part of the defendant, at the time the nitrate came into his custody, to appropriate some portion of it to his own use. The number of his fraudulent transactions, the period of time during which they were carried on, and other circumstances of record, evidence a carefully matured plan for robbing the government. Having that purpose in mind when he commenced unloading the nitrate, his disposal of it to private purchasers for his own benefit was justly charged to be the crime of larceny, of which he was convicted.

Affirmed.