THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
MICHAEL POLOM, PLAINTIFF IN ERROR.

Argued January term, 1928—Decided September 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff in error, *William Reich.*

For the state, *George M. Hillman.*

PER CURIAM.

The defendant was convicted of larceny in the Burlington Quarter Sessions. The conviction is here under the one hundred and thirty-sixth section of the Criminal Procedure act.

The owner of an auto which had skidded into a creek, engaged the defendant to haul the auto from the creek for $10. While removing the car some boys placed certain tools from the damaged car in the defendant's wrecking car. Thereafter a state policeman, in the absence of the owner, ordered the defendant to remove the wrecked car from the road. The defendant then hauled the car to his garage and removed the tools from his "wrecker" to his garage office. Later in the same day the wrecked car was sold by its owner to the complaining witness, and was hauled, without the tools, to the latter's garage, by the defendant. No mention of the tools was made at the time of the sale, nor did the complaining witness at any time see the tools, but he claims the same as having been included in the sale of the car. The defendant

never denied possession of the tools, but claimed a lien upon them for hauling the car from the road to his garage.

There was no evidence of an original fraudulent taking or intent to steal the tools. To constitute the crime of larceny the intent to steal must exist at the time of the taking. *Wilson* v. *People,* 39 *N. Y.* 462, citing Lord Coke, who observes that the *aninum furandi* must exist "when the article cometh into his hands or possession." *Coke Inst.* 107. The rule is elementary. 4 *Blacks. Com.* 232; *Cutter* v. *State,* 36 *N. J. L.* 125; *State* v. *South,* 28 *Id.* 28; *Clarks Crim. L.* 262.

The result is that the judgment of conviction must be reversed.