## MEANS v. UNITED STATES.
### No. 5802.

Court of Appeals of the District of Columbia.

Argued Feb. 8, 1933.

Decided April 17, 1933.

T. Morris Wampler, Joseph Turco, J. William Tomlinson, and William E. Leahy, all of Washington, D. C., for appellant.

Leo A. Rover, William H. Collins, and Roger Robb, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant, defendant below, was convicted of the crime of larceny.

The indictment against him contained four counts. The first count charged the larceny of $100,000 from Mrs. Evalyn Walsh McLean on March 7, 1932; the third count charged the embezzlement from her of the same money; the second count charged the larceny of $4,000 from Mrs. McLean on the 18th day of March 1932; and the fourth count charged the embezzlement of the same money.

Defendant pleaded not guilty. At the trial the court directed a verdict of not guilty on the fourth count. The jury found the defendant not guilty on the third count, but guilty on the first and second or larceny counts.

At the trial the defendant offered no testimony. The testimony of the government convincingly established the following facts: That after the kidnaping of the infant son of Colonel and Mrs. Charles A. Lindbergh on or about the first day of March 1932, the defendant, in an interview with Mrs. McLean, persuaded her by means of false and fraudulent statements that he could assist in locating and recovering the kidnaped baby. Mrs. McLean was induced by these representations to pay over to defendant the sum of $100,000 with which to pay the ransom and secure the return of the child. Upon a later occasion defendant by similar means secured from Mrs. McLean the sum of $4,000 for the payment of alleged expenses of the kidnapers. These representations made by defendant were willfully false and fraudulent and were designed solely for the purpose of obtaining the money from Mrs. McLean and not for the purpose of locating and recovering the child. The defendant converted the money thus paid to him to his own use, and none of it was ever expended in an effort to recover the child, nor was any part of it returned to Mrs. McLean.

It is contended by appellant that the lower court erred in refusing to require the government to elect between the larceny and embezzlement counts of the indictment before the submission of the case to the jury. This

contention is not sound. Section 361, title 6, of the D. C. Code, 1929, provides: "Offenses that may be joined—An indictment for larceny may contain a count for obtaining the same property by false pretenses, a count for embezzlement thereof, and a count for receiving or concealing the same property, knowing it to be stolen or embezzled, or any of such counts, and the jury may convict of any of such offenses, and may find any or all of the persons indicted guilty of any of said offenses."

This section clearly contemplates the submission to the jury of all counts of an indictment charging larceny and embezzlement of the same property; otherwise the jury could not "convict of any of such offenses."

It is said by the court in Lorenz v. U. S., 24 App. D. C. 337: "Whether such a request should be granted depends upon the special circumstances of the case, and rests in the sound discretion of the trial court." In Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 412, 38 L. Ed. 208, the Supreme Court when passing on a similar question said: "The court is invested with such discretion as enables it to do justice between the government and the accused."

In the instant case the same evidence was relied upon to support the larceny and embezzlement counts. The determination of defendant's guilt or innocence and of the nature of his offense depended upon the interpretation of that evidence, and was a question of fact for the jury. It was submitted to the jury in this case under proper instructions.

Appellant next contends that the lower court erred in overruling his motion for a directed verdict upon the first and second counts of the indictment, being the larceny counts. It is claimed by appellant that the testimony clearly established a relationship of master and servant, or principal and agent, between Mrs. McLean and appellant; that the money came into the possession of appellant by virtue of this employment; and that, because of these circumstances the crime, if any, was embezzlement and not larceny.

This contention is not tenable, for one who obtains money from another upon the representation that he will perform certain service therewith for the latter, intending at the time to convert the money, and actually converting it, to his own use, is guilty of larceny (People v. Martin, 116 Mich. 446, 74 N. W. 653; Grin v. Shine, 187 U. S. 181, 23 S. Ct. 98, 47 L. Ed. 130; People v. Tomlinson, 102 Cal. 19, 36 P. 506; People v. Abbott, 53 Cal. 284, 31 Am. Rep. 59; Talbert v. U. S., 42 App. D. C. 1, certiorari denied 234 U. S. 762, 34 S. Ct. 997, 58 L. Ed. 1581; People v. Shwartz, 43 Cal. App. 696, 185 P. 686; Crum v. State, 148 Ind. 401, 47 N. E. 833; Martin v. State, 123 Ga. 478, 51 S. E. 334).

Appellant further urges that the court erred in permitting Mrs. McLean to testify that appellant in his first conversation with her had told her of his incarceration at a former period in the Atlanta Penitentiary. The record discloses that Mrs. McLean, when testifying concerning this conversation, was asked, "Was there anything said about where he had first made the acquaintance of this man?" To which she answered, "Yes; I remember he said the man was in the Atlanta Penitentiary with him." It is plain that this statement was not brought into the evidence for the purpose of reflecting upon appellant's reputation or character, but was purely incidental to the testimony relating to the conversation between the witness and appellant, which necessarily disclosed the fact that appellant at one time had been an inmate in the Atlanta Penitentiary. The evidence of other witnesses similarly introduced contained statements to the effect that appellant had been in jail and in the penitentiary. It was not error to admit competent evidence because of the fact that it incidentally revealed that appellant had a criminal record. When the tendency of testimony offered in a criminal case is to throw light upon a particular fact, or to explain the conduct of a particular person, there is a certain discretion on the part of the trial judge which a court of errors will not interfere with, unless it manifestly appears that the testimony has no legitimate bearing upon the question at issue, and is calculated to prejudice the accused in the minds of the jurors. Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996. Therefore, this contention by appellant cannot be sustained.

The judgment of the lower court is affirmed.