## BECK v. UNITED STATES.
### No. 5930.

Court of Appeals of the District of Columbia.
Argued May 2, 1933.
Decided June 5, 1933.

Al. Philip Kane and Maurice McInerney, both of Washington, D. C., for appellant.

Leo A. Rover and Irvin Goldstein, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant appeals from a verdict and judgment convicting him of the crime of grand larceny.

It appears that on October 3, 1932, appellant, in company with a man named Kent, registered at a hotel in Washington. The following day he rented a room at 2016 Connecticut avenue, giving the name of Albert L. Bailey. On October 4, answering an advertisement in a local paper, he went to Miss Hazel Collison to purchase her automobile, and the next day agreed to purchase it for $300 cash on delivery, the delivery to be made the following day at the Connecticut avenue address. Promptly, as agreed, on the following day, Miss Collison took the automobile to the Connecticut avenue address, where she was informed by appellant that he was unable to pay for it in cash, but would have to procure a loan on it and from the proceeds of the loan pay her. He represented to Miss Collison that for the purpose of procuring the loan he would need the title certificate and registration card. She offered to go to the finance company with him, but he objected, assuring her that it would be better for him to go alone, whereupon they went to a notary public, and Miss Collison made an assignment in blank of her title to the automobile on the title certificate and gave it to appellant for his use in procuring the loan.

Appellant then suggested that it would take two days to negotiate the loan, and requested that he be permitted to use the automobile during that time. When she hesitated to grant this request, he offered her his note to indemnify her for anything that might happen to the car while in his possession and before the negotiations for the loan were completed. Appellant's note for $300 due two days after date, was accepted by Miss Collison, and appellant took the automobile to Philadelphia, Pa., where he procured a Pennsylvania certificate of title on October 7th and turned the automobile over to Kent, who sold it the next day to one Barron. The automobile was located in Barron's possession and identified by number, but before Miss Collison arrived in Philadelphia Barron sold it and refused to disclose the identity of the purchaser.

The case turns upon the single contention of counsel for appellant that the transaction amounted to a sale in which Miss Collison parted both with the title and possession of the automobile. This is sought to be established by inferences from the testimony of Miss Collison. Her testimony in the case is uncontradicted and is substantially as stated above. Appellant, when arrested, stated to the officer that it was never his intention to pay for the automobile. That the automobile was placed in his possession solely for the purpose of procuring the loan and not with a view of parting with title is conclusively disposed of by two pertinent facts appearing in the record: First, the assignment by Miss Collison of her title to the automobile on the title certificate was in blank. If it had been intended that this should be a sale, appellant's name, or rather the fraudulently assumed name of Bailey, would have been inserted in the certificate. In the second place, we have the uncontradicted testimony of Miss Collison that the note was given her, not in payment for the automobile, but to indemnify her against any damage that might happen to the car while in appellant's possession.

It thus appears that appellant at most was vested with mere evidence of title which gave him neither title nor ownership in the automobile, but merely the custody of the certificate of title to, and· use of the automobile for the purpose of aiding him in securing the loan with which to pay for the automobile. It is settled law that conversion of property under such circumstances, especially where the evidence of title and the property is procured by such fraudulent representations as were made in this case, constitutes larceny. Atkinson v. United States, 53 App. D. C. 277, 289 F. 935; Chanock v. United States, 50 App. D. C. 54, 267 F. 612, 11 A. L. R. 799; Talbert v. United States, 42 App. D. C. 1.

The scheme here devised by appellant to fraudulently secure title to the automobile, but which resulted merely in procuring evidence of title, discloses a new and novel method of defrauding and swindling the innocent public. It amounted in the present case to a deep laid scheme on the part of the appellant to secure fraudulent possession of the automobile, convert it into cash, and appropriate the proceeds to his own use.

In a case of this character, where the fraudulent intent from the beginning to the end of the whole transaction is so apparent, the courts will not be astute to consider mere technicalities which may result in allowing the guilty to escape and to place the approval of the law upon a transaction so steeped in fraud and deception as is the present case.

We have examined the other assignments of error, but find them unworthy of consideration.

The judgment is affirmed.