## JOHN v. UNITED STATES.

### No. 6398.

United States Court of Appeals for the District of Columbia.

Argued May 6, 1935.

Decided June 17, 1935.

Robert I. Miller, of Washington, D. C., for appellant.

Leslie C. Garnett and Irvin Goldstein, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

In this case the appellant was convicted in the lower court of the crime of grand larceny. The case was tried to the jury and the present record contains a copy of all the testimony submitted at the trial. At the close of the evidence the defendant filed a motion for a directed verdict, which was overruled by the court. The jury thereupon returned a verdict of guilty, and the judgment and sentence of the court were based thereon. The present appeal was then taken.

There is but one assignment of error relied upon by appellant, namely, "the action of the trial court in denying the motion of the appellant for the direction of the verdict of not guilty."

At the trial the prosecuting witness, Lena Ross, testified that she resided in the District of Columbia; that prior to October 13, 1932, she was the owner of certain real estate located within the District consisting of a store and several apartments above it; that prior to October 13, 1932, she sold the property, but thereafter she was desirous of repurchasing it from the man to whom she had sold it; but he was not willing to resell it to her; that she then consulted the defendant, who was a gypsy fortune teller whom she had known for about fifteen years, with reference to this matter, and that the defendant told her that she could work magic and compel the man to sell the property back to her; that in order to accomplish this it would be necessary that witness give to the defendant $700 for the purpose of working magic with the money, and that the defendant would thereafter return the money to her; that the money was to be given by the witness only for that purpose and no other purpose. The witness gave to the defendant $700 of her own money for that purpose at the defendant's residence within the District; that several days later defendant told witness that $700 was not sufficient with which to make the magic, and that she would need more money; that witness withdrew from the bank $2,300 more and gave the same to the defendant at defendant's residence within the District on October 19, 1932; that this money was delivered by her to the defendant only for the purpose of making magic to induce the owner of the real estate to sell it to her; that it was to remain intact and was to be returned intact; that several days later she went to the home of the defendant and the house was closed; that she did not again see defendant until her arrest a long time afterwards; that the defendant had never returned the money to her.

The defendant, Anna John, testified that she had never received either the $700 or the $2,300 of which the prosecuting witness had testified. The defendant testified that she was acquainted with the prosecuting witness and had engaged with her at times in betting upon horse races and playing the numbers, but had not received money from her for any other purpose.

Evidence was introduced to prove that defendant bore a good reputation for honesty and integrity.

It is contended by the appellant that the prosecuting witness, according to her own statement, voluntarily parted with the possession of her money; that consequently there was no evidence of trespass to her possession; and that if any crime was committed it was not the crime of larceny, but was embezzlement or obtaining money by false pretenses.

We think that this argument cannot be sustained.

"If a person, with a preconceived design to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases the fraud vitiates the transaction, and the owner is still deemed to

retain a constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass." . 17 R. C. L. 13.

In Talbert v. United States, 42 App. D. C. 1, 16, certiorari denied 234 U. S. 762, 34 S. Ct. 997, 58 L. Ed. 1581, we said: "Numerous authorities sustain the proposition stated by the court of appeals of New York [Smith v. People, 53 N. Y. 111, 13 Am. Rep. 474]: 'The rule is that when the delivery of goods is made for a certain special and particular purpose, the possession is still supposed to reside, not parted with, in the first proprietor.'" We held accordingly that a person may commit larceny by obtaining goods by fraud, trick, or artifice, with intent to deprive the owner of the same and to appropriate them to his own use.

In Means v. United States, 62 App. D. C. 118, 65 F.(2d) 206, 207, we said:

"Appellant next contends that the lower court erred in overruling his motion for a directed verdict upon the first and second counts of the indictment, being the larceny counts. It is claimed by appellant that the testimony clearly established a relationship of master and servant, or principal and agent, between Mrs. McLean and appellant; that the money came into the possession of appellant by virtue of this employment; and that, because of these circumstances the crime, if any, was embezzlement and not larceny.

"This contention is not tenable, for one who obtains money from another upon the representation that he will perform certain service therewith for the latter, intending at the time to convert the money, and actually converting it, to his own use, is guilty of larceny."

We cited People v. Martin, 116 Mich. 446, 74 N. W. 653; Grin v. Shine, 187 U. S. 181, 23 S. Ct. 98, 47 L. Ed. 130; People v. Tomlinson, 102 Cal. 19, 36 P. 506; People v. Abbott, 53 Cal. 284, 31 Am. Rep. 59; Talbert v. United States, 42 App. D. C. 1, certiorari denied 234 U. S. 762, 34 S. Ct. 997, 58 L. Ed. 1581; People v. Shwartz, 43 Cal. App. 696, 185 P. 686; Crum v. State, 148 Ind. 401, 47 N. E. 833; Martin v. State, 123 Ga. 478, 51 S. E. 334.

In Beck v. United States, 62 App. D. C. 223, 66 F.(2d) 203, we held that where the accused obtained possession of an automobile with title certificate and registration card indorsed in blank from the owner through fraudulent representations that he would have to procure a loan upon the automobile in order to purchase it, and thereupon subsequently converted it, the crime was larceny. See, also, Atkinson v. United States, 53 App. D. C. 277, 289 F. 935.

In the present case the jury was justified by the evidence in finding that the accused by means of trickery and fraud had procured possession of the money of the prosecuting witness under a promise to keep and return it to her intact, but having the intention all the time to unlawfully convert it to her own use, and that she did so convert it. This finding was sufficient upon which to predicate the conviction of larceny.

The judgment of the lower court is affirmed.