## STEWART v. UNITED STATES.

### No. 13045.

Circuit Court of Appeals, Eighth Circuit.
Oct. 15, 1945.

E. M. Ditmon, of Ft. Smith, Ark., for appellant.

Thomas C. Pitts, Asst. U. S. Atty., of Ft. Smith, Ark. (Clinton R. Barry, U. S. Atty., and Hugh M. Bland, Asst. U. S. Atty., both of Ft. Smith, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment of conviction under an indictment charging appellant with the violation of Section 408, 18 U.S.C.A., known as the National Motor Vehicle Theft Act. So far as here pertinent the statute reads as follows: "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by im-prisonment of not more than five years, or both."

The indictment charges that the defendant on or about the 17th day of June, 1944, in the City of Fort Smith, Arkansas, "did unlawfully, knowingly, wilfully and feloniously transport in interstate commerce from the City of Fort Smith in the State of Arkansas, to Moses Lake in the State of Washington, a certain motor vehicle; to-wit, one 1941 model DeLuxe Ford Coupe automobile, motor number 186247-907, the personal property of one A. L. Gosnell, * * *, which said motor vehicle had been theretofore feloniously stolen, taken and driven away without the consent of the owner and with intent to deprive said owner thereof, the said defendant well knowing at the time of so transporting said motor vehicle in interstate commerce as aforesaid that the same had been stolen as aforesaid * * *."

On written stipulation waiving trial by jury defendant was tried by the court and adjudged guilty as charged in the indictment. The court having found the defendant guilty, the evidence must be construed in a light most favorable to the government. So construed, the facts are substantially as follows:

On June 17, 1944, one A. L. Gosnell, who owned and operated a filling station in the City of Fort Smith, Arkansas, was also the owner of the automobile described in the indictment. At that date and for some time prior thereto defendant was in the employ of Gosnell at his filling station as a filling station attendant. He lived in the City of Fort Smith, Arkansas. On the date mentioned defendant received a telegram from a woman known in the record as Betty Stewart, asking him to meet her in Memphis, Tennessee. On June 17, 1944, following the receipt of this telegram, defendant importuned his employer to loan him his automobile to go home that night after work and to return to work the next morning. Prior to said date defendant had used a Model A Ford belonging to Gosnell to drive back and forth from his home to the filling station, and when defendant asked to borrow the De-Luxe coupe Gosnell said to him, "Why don't you drive that Model A? You have been driving it." To this defendant replied that he didn't have any lights on it, and said, "I won't hurt it a bit." Gosnell then said, "I really don't want to let you have it Russell because I don't have a

dime's worth of insurance on it and it would ruin me if you tore it up," to which defendant replied, "I won't tear it up. I'll be careful." Gosnell then said, "Well, will you be down to work in time to open up?," to which defendant replied, "Yes." Gosnell finally consented to let defendant use the car to drive home after work and back to work the next morning in time to open the filling station about 7 or 7:30 o'clock a.m.

Gosnell and an employee named Eugene Fuller left for Poteau, Oklahoma, the evening of the 17th of June, leaving defendant to close the filling station. When they returned to the place of business the morning of June 18, 1944, the filling station was closed and the car was gone. Defendant was not at his home and could not be found in the City of Fort Smith. He in fact drove the car to Memphis, Tennessee, where he was joined by Betty Stewart, then to Iuka, Mississippi, and Dennis, Mississippi, and then to California and to Moses Lake, Washington, where the car was recovered and defendant arrested. This was on September 6, 1944, and he was then in possession of the automobile. From the time he departed from Fort Smith, Arkansas, with the car on June 17, 1944, he did not communicate with Gosnell, the owner of the car. Defendant in his testimony admitted the transportation of the car in interstate commerce. The evidence warranted the inference or conclusion that when defendant secured Gosnell's permission to use the car, he did not intend to use it only to go to his home and return to the owner's place of business, but intended rather to convert it to his own use, as he actually did.

On this appeal defendant contends that the car at the time it was transported by him had not been stolen, but that the owner had loaned it to him, and hence he could not properly be convicted under the National Motor Vehicle Act.

■■ One who is in lawful possession of the property of another can not commit larceny by feloniously converting such property to his own use for the reason that larceny implies a criminal trespass on the right of possession of the owner, and hence can not be committed by one rightfully in possession. If, however, he acquires possession of the property of another by means of fraud, or through a fraudulent trick or device, a felonious conversion of the property by him pursuant to

such intent will constitute larceny. Hunt v. State, 72 Ark. 241, 79 S.W. 769, 65 L.R.A. 71, 105 Am.St.Rep. 34, 2 Ann.Cas. 33; Vought v. State, 135 Wis. 6, 114 N.W. 518, 646, 32 L.R.A.,N.S., 234, 128 Am.St.Rep. 1008; State v. Dobbins, 152 Iowa 632, 132 N.W. 805, 42 L.R.A.,N.S., 735; State v. Edwards, 51 W.Va. 220, 41 S.E. 429, 59 L.R.A. 465; Beck v. United States, 62 App.D.C. 223, 66 F.2d 203; Means v. United States, 62 App.D.C. 118, 65 F.2d 206; Tredwell v. United States, 4 Cir., 266 F. 350; Talbert v. United States, 42 App.D.C. 1; John v. United States, 65 App.D.C. 11, 79 F.2d 136; Loney v. United States, 10 Cir., 151 F.2d 1.

■■ Although there must be a taking against the will of the owner, or a trespass to his possession, the requirement is satisfied where the owner is induced by some fraud or trickery to deliver the property to one who feloniously converts it to his own use. In such circumstances there is an absence of real consent and the taking of possession is wrongful. The evidence here warrants the conclusion that the defendant, when he obtained possession of this car, intended to steal it, and in such circumstances the fact that he obtained possession with the consent of the owner is not material because that consent was secured by means of fraud or a fraudulent trick or device. The requirement of a trespass to the possession of the owner is satisfied by the fact that the fraud or trick practiced vitiates the transaction and the owner retains constructive possession; indeed, the trick or fraud in law amounts to a trespass. In Hunt v. State, supra [72 Ark. 241, 79 S.W. 772], the Supreme Court of Arkansas said: "The evidence tends to show that the intent to obtain and appropriate the money was conceived from the beginning, even before the marriage—certainly before he obtained the check—and that by fraudulent artifice he inveigled her into giving him the check therefor, as stated. This made the crime larceny, and not embezzlement, as contended by appellant's counsel."

In Talbert v. United States, supra, it is said: "Numerous authorities sustain the proposition stated by the court of appeals of New York (Smith v. People, 53 N.Y. 111, 13 Am.Rep. 474): 'The rule is that when the delivery of goods is made for a certain special and particular purpose, the possession is still supposed to reside, not . parted with, in the first proprietor'"

In the present case the court was justified by the evidence in believing that defendant by means of trickery and fraud procured possession of the automobile described in the indictment under a promise to use it for the purpose of going to his home in Fort Smith, Arkansas, and returning to the owner's filling station, but intending all the time to convert it to his own use, and that he did so convert it.

The judgment appealed from is therefore affirmed.