## JAMES TOBIN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 20, 1882.*

1.  CRIMINAL LAW—*finding party guilty of two offences growing out of a single transaction.* A party can not be guilty of robbery and of having received the same goods obtained by the robbery, knowing them to have been so obtained, where there is but a single transaction involved, and a verdict finding him guilty of the robbery, and of the larceny of the goods so taken, and of receiving them, knowing them to have been stolen or acquired by robbery, is inconsistent. The latter offence imports a subsequent and distinct transaction from the robbery, and involves some other person who had previously obtained the property by robbery.

2.  RECEIVING STOLEN GOODS—*verdict must find their value.* There can not be imprisonment in the penitentiary for the offence of receiving property obtained by robbery, unless the value of the property exceeds fifteen dollars; and to authorize such punishment the verdict of the jury must find the value of the property.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

566      TOBIN *v.* THE PEOPLE.      [Nov.

Brief for the Plaintiff in Error.    Opinion of the Court.

Mr. JOHN GIBBONS, for the plaintiff in error:

As to the joinder of offences in one indictment, and compelling an election: Wharton's Criminal Pl. and Pr. (8th ed.) sec. 294; 1 Bishop's Criminal Procedure, chap. 30, (3d ed.); *Harmon* v. *Commonwealth*, 12 S. & R. 69; *State* v. *Johnson*, 3 Harrington, 561; *Goodhue* v. *People*, 94 Ill. 37; Wharton's Criminal Law, sec. 1387.

It can not be contended that robbery or larceny, and receiving stolen goods, are cognate offences,—that they can form part of the same transaction, or that they are such in their nature that the defendant might be guilty of both. *People* v. *Harriden*, 1 Parker, 344; 1 Bishop's Criminal Procedure, secs. 189, 213.

To constitute robbery, the property must not only be valuable, but it must be also taken from the person and the peaceable possession of the owner. *Phipoe's case*, 2 Leach, 773; *Rex* v. *Edwards*, 6 Car. & P. 521; Moore's Criminal Law, 54; Wharton's Criminal Law, sec. 878.

The verdict is defective in not finding the value of the stolen property received. This is necessary where the punishment depends on value of property, etc. *Thomas* v. *State*, 5 How. (Miss.) 20; *Shines* v. *State*, 42 Miss. 331; *State* v. *Cleaveland*, 58 Me. 564; *Dick* v. *State*, 3 Ohio St. 89; *Colia* v. *State*, 16 Ala. 781; *McPherson* v. *State*, 9 Yerg. 279; *Kennedy* v. *People*, 39 N. Y. 245; *Williams et al.* v. *People*, 44 Ill. 478.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

At the May term, 1882, of the Criminal Court of Cook county, an indictment, consisting of three counts, charging, respectively, robbery, larceny, and receiving stolen property, was found against James Tobin, Allen Cummings, and Frank Williams. Upon trial had, the jury returned the following verdict: "We, the jury, find the defendants James Tobin

and Frank Williams guilty, in manner and form as charged in the indictment, and fix their terms of imprisonment at four years each in the penitentiary of this State." The court, having overruled a motion for a new trial as to Tobin, sentenced him to four years' imprisonment in the penitentiary, and this writ of error was brought to reverse the judgment.

As the verdict reads, the jury found the two defendants guilty of each one of the three offences charged in the indictment. But this could not properly have been, under the evidence in the case. It is an inconsistency that where there is but a single transaction involved, as the proof shows to have been here, the same person could have been guilty of both of the offences of robbery and of having received goods obtained by robbery, knowing them to have been so obtained. The objection is not from the joinder of counts,—they are well enough joined. (*Bennett* v. *People*, 96 Ill. 602; *Lyons* v. *People*, 68 id. 271; *Hiner* v. *People*, 34 id. 297.) The difficulty is brought into the case by the evidence. The three offences charged in the indictment are not comprised in robbery. Larceny might be embraced in it, but it is otherwise with receiving property obtained by robbery. This imports a distinct and subsequent transaction, and involving another person, the receiver receiving the property from some other person who had previously obtained it by robbery. The statute implies this, in providing that in the prosecution for this offence it shall not be necessary to aver or to prove that the person who obtained the property by robbery has been convicted. As, then, the prisoner could not, under the evidence in this case, have been guilty of both these offences, of which one did the jury find him guilty? The proof renders this uncertain.

The prosecuting witness testified that on the night of the 10th day of May, 1882, about half-past ten o'clock, he was, in the street in Chicago, set upon by three men, and robbed of a watch and chain. A pawnbroker in Chicago testified that on the morning of the 11th of May, 1882, Tobin sold him the

watch and chain for $4. The defendant Williams testified that he knew nothing of the robbery; that the morning after the robbery was said to have been committed he was eating breakfast in a certain restaurant, at the table with Tobin; that a man, whose name he afterwards learned was Heaney, came to Tobin and asked him if he knew where he could sell his watch and chain; that Tobin inquired of witness if he knew a place, and witness mentioned the pawnbroker's place; that thereupon Heaney gave the watch and chain to Tobin to sell, and that witness went with Tobin to the pawnbroker's office, where Tobin sold the watch and chain for $4, and gave the money to Heaney. Tobin testified substantially to the same facts as Williams, and denied all connection with the robbery.

It will thus be seen that there was evidence tending to show that there was committed but merely the offence of receiving goods obtained by robbery, and, as before remarked, the prisoner could not properly have been found guilty of both the offences of robbery and of receiving the property obtained by the robbery, where the proof shows there to have been but a single transaction involved. It is uncertain, then, from the evidence, of which one of these two offences the prisoner was found guilty. It might have been of the last named one, and if so, the judgment of imprisonment in the penitentiary is not warranted by the verdict, as the value of the property obtained by the robbery, or received, was not found by the verdict. There can not be imprisonment in the penitentiary for the offence of receiving property obtained by robbery, unless the value of the property exceeds $15, and in such a case, to justify a sentence of imprisonment in the penitentiary, this court has always held that the verdict must find the value of the property, so as to show it to be a case where, under the law, the punishment of imprisonment in the penitentiary is authorized. *Highland* v. *People*, 1 Scam. 392; *Sawyer* v. *People*, 3 Gilm. 53.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*