[Crim. No. 369. Department One.—May 25, 1898.]

# THE PEOPLE, Respondent, v. LOUIS MONTARIAL, Appellant.

CRIMINAL LAW — GRAND LARCENY — EMBEZZLEMENT — MONEY PLACED IN TRUNKS.—Money placed by the owner in the trunks of the defendant for safekeeping, in purses securely tied, three hundred dollars being so placed in one trunk, and five hundred dollars in another, the keys of the trunks being always subject to the call of the owner of the money, does not constitute a bailment or intrusting of the money to the defendant within section 503 of the Penal Code, and the fraudulent appropriation of the money by the defendant to his own use is grand larceny. and not embezzlement.

ID.—LOAN OF USE OF TRUNKS—POSSESSION OF MONEY.—In legal effect, the use of the trunks of the defendant was loaned or given to the owner by the defendant as a place for keeping his money, and the money remained in the possession of the owner; and the mere fact that defendant carried the keys to the trunks is not a material consideration.

ID.—CONSTRUCTION OF TESTIMONY—INTRUSTING OF MONEY.—The testimony of the owner that he "intrusted" the money to the defendant is to be

considered in the light of his whole testimony, and all of the circumstances of the case, and not as importing such an intrusting of the money to the safekeeping of the defendant as to bring it within the definition of embezzlement.

ID.—FELONIOUS INTENT IN INDUCING DEPOSIT.—If the defendant induced the owner of the money to deposit it in his trunks for the purpose of getting it into his possession and control, with the intent thereafter feloniously to appropriate it, the act of appropriation, when accomplished, constituted larceny.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial, and denying a motion in arrest of judgment. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Brooks & Trask, J. Marion Brooks, and D. K. Trask, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

VAN FLEET, J.—Appellant makes but one point in support of his appeal—that the evidence did not warrant his conviction of grand larceny, but established, if anything, embezzlement instead.

At the time the money was taken it was in two trunks belonging to defendant, five hundred dollars being in one and three hundred dollars in the other, where it had been placed by Paillac, to whom it belonged, some time before, for safekeeping, under these circumstances: Paillac and the defendant were fellow countrymen and intimate friends, and roomed together at the same house; they had two rooms, one upstairs and the other down, but their intimacy was such that they used them in common, sleeping together in the lower room, and keeping wearing apparel and other articles in the upper one—each having like access to both, and indifferently carrying the keys; they had been thus situated for several years; Paillac, who had accumulated several hundred dollars, had been in the habit of keeping it buried in the ground in a secret hoard; observing that the defendant kept his money in his trunk, a discussion arose between them as to the safest way to keep money; which one of the two first suggested the idea of placing Paillac's money in the defendant's trunks does not clearly

appear, Paillac, who testified on the subject, being unable to speak English, and his evidence being given through an interpreter, and leaving the fact in some confusion; at one point he states that the suggestion came from himself, but elsewhere his statements indicate that it was made by defendant. It does appear from his evidence, however, that in the conversation defendant assured Paillac that he "might as well put the money in the trunk"; that it was "safer there than any bank," and that Paillac had better put his money there, since the latter's trunk was old and the lock broken; telling him, "Don't be afraid, it will be a good, safe place"; and further, as expressed by the witness, "he said that some time I [Paillac] might die, or an accident fall to me, or I might fall off the wagon and get killed, and then I [defendant] will know where the money is."

The result of the conversation was that Paillac dug up his treasure and placed it in defendant's trunk. This was something over two years prior to the taking. At that time Paillac had some five hundred dollars, and he put that amount in a purse, securely tied up in a handkerchief, and handed it to defendant, who in Paillac's presence placed it in the trunk in the upper room, where it remained undisturbed, except when inspected by Paillac, until taken by defendant. Subsequently to this first deposit the three hundred dollar fund was accumulated by Paillac. This latter was the fund to which Paillac resorted for current needs from time to time—the five hundred dollars being kept intact—and it was kept in the trunk which stood in their sleeping-room downstairs. Like the first it was always kept in a package securely done up by Paillac himself, and which he would merely hand to the defendant to be placed in the trunk in his presence; the defendant, as the evidence clearly indicates, never being given the right to handle or disturb either package in any way, except in the presence of Paillac, and then only for the purpose of handing them out when wanted by the latter, or replacing them at his direction. And, while defendant carried the keys to the trunks, they were always at the call of Paillac whenever he wished to get at his money; the defendant on such occasions unlocking the trunks for the purpose and handing out the money, or putting it back, as the case might be; and the evidence indicates that while Paillac had confidence in his friend, it did not

prevent him from keeping a sharp eye on his treasure whenever the defendant opened the trunks to get his clothes, or for any other purpose of his own.

Upon this evidence and some expressions in the testimony of Paillac that, because of his confidence in the defendant, he "intrusted" the money to him to keep for him; that he would not have done so but for his "confidence" in him; and that he would have looked to him to return the money had it been missing, the defendant makes a very strenuous and plausible argument that the facts show a delivery of the money to the defendant which constituted a deposit or bailment; and that in appropriating the money under such circumstances the defendant was guilty of a fraudulent appropriation or embezzlement, and not larceny.

But we cannot accede to this view. Taking the whole evidence together, with all it tends to show, and we are satisfied that it does not establish a bailment or intrusting of the money to defendant. As we regard it, the evidence does not show that Paillac ever in fact really parted with the possession of his money. While it was locked in the trunks of defendant, to which the latter retained the keys, the trunks were at all times as much in the possession of Paillac, and with practically the same freedom of access to the latter, as in that of the defendant. In legal contemplation the use of the trunks was loaned or given to Paillac as a place for keeping his money. The mere fact that defendant carried the keys is not a material consideration. As we have seen, the keys were always forthcoming when demanded by Paillac for access to his money; and the money was, therefore, to all practical intents and purposes, as much under his personal supervision and protection as of defendant. Indeed, more so, since the latter had no right or authority to tamper with it in any way, except as directed by its owner.

Much is made by defendant of the fact that Paillac testified that he "intrusted" the money to defendant; and it is urged that this constitutes embezzlement because that offense consists of "the fraudulent appropriation of property by a person to whom it has been intrusted." (Pen. Code, sec. 503.) But to reach the meaning of the witness, his expressions must be read in the light of his whole testimony and all the circumstances; and when so read it is clear that his money was not intrusted to the keep-

ing of the defendant in a manner to bring it within the definition of embezzlement. Defendant let Paillac have the use of his trunks as a place of safety for his property, and the only dominion defendant rightfully exercised over it was a perfunctory handling of it in the presence of the owner. The case, although differing in its circumstances, is not to be distinguished in principle from that of *People v. Johnson*, 91 Cal. 265, where it is held that where the owner puts his property into the hands of another to do some act in relation to it in his presence, he does not part with the possession of it, and the conversion of it *animo furandi* is larceny, and not embezzlement. (See, also, 2 Russell on Crimes, 8th Am. ed., 21.)

Moreover, there is, as suggested by the attorney general, another aspect in which the evidence, if so construed by the jury, was sufficient to warrant a conviction of larceny. If the jury believed, as there was evidence tending to show, that the defendant originally induced Paillac to place the money in his trunks for the purpose of getting it into his possession and control, with the intent to thereafter feloniously appropriate it, such act of appropriation when accomplished constituted larceny. (*People v. Rae*, 66 Cal. 423; 56 Am. Rep. 102.)

We are satisfied that the judgment should be affirmed.

It is so ordered.

Garoutte, J., and Harrison, J., concurred.