ROBERT BERGMAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 21, 1898.*

LARCENY—*what facts constitute larceny by bailee.* One who converts to his own use articles of jewelry entrusted to him for exhibition to other parties whom he represents as desirous of joining with him in selecting and purchasing, is guilty of larceny as bailee under section 170 of the Criminal Code, although the owner refused to entrust him with the jewelry until he had procured a guaranty of payment for whatever jewelry he might buy.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

BURRES & McKINLEY, and JOHN J. ARNEY, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, BEN M. SMITH, C. A. HILL, and B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error brought to reverse the judgment of the criminal court of Cook county adjudging the plaintiff in error to be guilty of larceny. The indictment contained a count charging larceny as at the common law, and other counts charging larceny as bailee under the statute. The facts proven were not sufficient to support

a verdict that plaintiff in error was guilty of larceny as at the common law.

It is urged in behalf of plaintiff in error it did not appear from the proofs the property alleged to have been stolen was entrusted to him as bailee, but that he obtained the property as a purchaser. It appeared from the evidence one Dorothy Lindberg was engaged in business as a retail dealer in jewelry in the city of Chicago; that plaintiff in error came to her place of business and told her that a number of persons (of whom he was one) contemplated making a present to a young married couple and that he wanted to take some jewelry out to show to such persons; that she declined to put the jewelry in his possession without some security, and that he left her store but soon returned and delivered to her a written instrument, as follows:

"I, the undersigned, do hereby guarantee for the payment of whatever jewelry Robert Bergman, of 3044 Wentworth avenue, buys of Mrs. Dorothy Lindberg, for a sum not over $200 (two hundred dollars.)          GUSTAVE SWANSON."

—That she satisfied herself the instrument bore the genuine signature of Swanson, and plaintiff in error said to her he would either return the goods, or the money for them, within three days; that she then delivered to him a watch, chain and diamond brooch, of the aggregate value of $200; that he did not return the goods, nor did she see him again until he was in court to answer the charge of larceny.

It is clear the jewelry was not sold to the plaintiff in error. It was delivered to him for the purpose of exhibiting it to others, who, together with himself, as he represented, contemplated buying articles of that kind, and to be bought if satisfactory to the contemplated purchasers. The title remained in Mrs. Lindberg, and she entrusted the possession to him expecting and intending that the identical articles of jewelry should be returned to her, or disposed of for her benefit, in the particular

way as agreed upon between her and the plaintiff in error. The guaranty of Swanson was available only in the event a sale of the jewelry was consummated. The jewelry was not sold or returned. The evidence in the record was sufficient to satisfy the jury, beyond a reasonable doubt, the representations of the plaintiff in error that others, together with himself, contemplated purchasing jewelry as a wedding present were but false and fraudulent representations and pretenses, and part of a scheme devised by the plaintiff in error for the purpose of enabling him to secure the possession of the jewelry in order 'he might convert the same to his own use. He was a bailee of the property, within the meaning of that word as employed in section 170 of the Criminal Code, which provides that a bailee shall be deemed guilty of larceny if he shall convert property entrusted to his custody with intent to steal the same. The doctrine of this statute is, if "the owner parts with the possession voluntarily, but does not part with the title, expecting and intending the same thing shall be returned to him, or that it shall be disposed of on his account or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a felony, if the goods were obtained with that intent." *Farrell* v. *People,* 16 Ill. 506; *Welsh* v. *People,* 17 id. 339; *Stinson* v. *People,* 43 id. 397; *Murphy* v. *People,* 104 id. 528; *Doss* v. *People,* 158 id. 660.

We need not advert to alleged errors in the instructions. The criticisms urged are to points of minor importance. The law, and facts proven and not controverted, warranted the verdict of guilty and the judgment of conviction.

The judgment is affirmed.       *Judgment affirmed.*