## CHANOCK v. UNITED STATES.

(Court of Appeals of District of Columbia.   Submitted March 2, 1920
Decided April 5, 1920.)

No. 3326.

1. **Larceny ⬾15(1)—Embezzlement ⬾13—Hotel clerk not an "innkeeper," "agent," "attorney," "clerk," or "servant," and taking guest's money was larceny, and not embezzlement.**
A bookkeeper and clerk in a hotel, who was given two envelopes containing money to be placed in hotel safe, and who during the night opened the safe, took the money, and absconded, was not an "agent," "attorney," "clerk," or "servant," under Code of Law 1901, § 834, or an "innkeeper" as defined by section 837, relating to embezzlement by innkeepers, etc., and was guilty of larceny.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Agent; Attorney; Clerk; Innkeeper; Servant.]

2. **Indictment and information ⬾125(45)—Taking property of several persons at one time one offense, chargeable in one count.**
The taking of property at the same time and from the same place constituted a single offense, chargeable in one count of indictment, although the property taken belonged to several different persons.

Appeal from Supreme Court of the District of Columbia, acting as a Criminal Court.

Sidney Chanock, alias Sidney Jordan, alias S. J. Colby, alias George Lewison, was convicted of larceny and appeals.   Affirmed.

M. E. O'Brien and W. J. Lambert, both of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Morgan H. Beach, Asst. U. S. Atty., both of Washington, D. C.

VAN ORSDEL, Associate Justice.   This appeal is from a judgment based upon a verdict finding the appellant guilty of the crime of larceny.

It appears that defendant was bookkeeper and clerk in the Dewey Hotel, in this city.   One Arnold, with his wife and daughter, registered at the hotel as guests.   Arnold gave defendant two envelopes, containing securities and money, to be placed in the hotel safe.   During the following night defendant opened the safe, took the securities and all of the money but $10 from the envelopes, and absconded.   When arrested, the property was found in his possession.

[1] The judgment is challenged chiefly upon the ground that the indictment charged larceny, while the proof established embezzlement. Section 837 of the District Code provides:

"Any person intrusted with anything of value, to be carried for hire, or being an innkeeper and intrusted by his guest with anything of value for safe-keeping, who fraudulently converts the same to his own use, shall be deemed guilty of embezzlement and punished as provided in section eight hundred and thirty-four."

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 834 relates to "embezzlement by agent, attorney, clerk, or servant." Defendant occupied none of these relations to Arnold, nor was he an innkeeper, as defined in section 837. He was a mere employé of the hotel. The securities and money were committed to the custody of defendant for a specific purpose, namely, to be placed in the safe for safe-keeping until called for by the owner. The power of defendant over the property extended to placing it in the safe and returning it, when requested by the owner. In People v. Montarial, 120 Cal. 691, 695, 53 Pac. 355, where one of two roommates intrusted the other with his money for safe-keeping, and the latter placed it in his trunk, subject to the former's call, the taking by the custodian was held to be larceny. On this point the court, referring to and affirming a former decision (People v. Johnson, 91 Cal. 265, 27 Pac. 663) said:

"Where the owner puts his property into the hands of another, to do some act in relation to it in his presence, he does not part with the possession of it, and the conversion of it animo furandi is larceny, and not embezzlement."

The bare custody with which defendant was vested did not change the possession of the property. It constructively remained in the owners. In Clark & Marshall on the Law of Crimes, 454, 455, it is said:

"There is a well-settled distinction in law between the possession of goods and the mere charge or custody, and this distinction plays an important part in the law of larceny. The owner of goods may deliver them to another in such a manner, or under such circumstances, as to give the other the bare custody, without changing the possession in the eye of the law. The possession in such a case remains constructively in the owner, and, if the person having the custody converts the goods to his own use with felonious intent, he takes them from the constructive possession of the owner, and commits a trespass and larceny; and it can make no difference, in such a case, when the felonious intent was first formed."

[2] Nor is the position of defendant tenable that he was charged with three separate and distinct felonies in a single count. Part of the property stolen is alleged to be owned by Arnold, part by his wife, and part by the daughter; but it clearly appears that the articles were taken at the same time and from the same place, and constituted a single offense.

"It is a rule of criminal pleading that, where several articles of property are stolen at the same time and place, the stealing constitutes but one offense, and should be so charged in the indictment or information. It is regarded as a single act, and the result of one intention." Hoiles v. United States, 3 MacArthur (10 D. C.) 370, 36 Am. Rep. 103; Henry v. United States, 49 App. D. C. 207, 263 Fed. 459.

The judgment is affirmed.
Affirmed.