## ATKINSON v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted March 5, 1923. Decided May 7, 1923.)

No. 3873.

1. Larceny ⊙⟾15(1)—Statute punishing conversion by party intrusted with property requires more than mere temporary custody.

Under Code, § 851b, as added by Act. Cong. March 3, 1913, making it an offense for any person intrusted with possession of anything of value for the purpose of applying the same for the use and benefit of the person so delivering it fraudulently to convert the same to his own use, the possession of property must be intrusted in such manner as to clothe accused with some actual dominion and control over it for the purpose named; otherwise, he is a mere temporary custodian, and if he wrongfully appropriates the property he is guilty of larceny.

2. Larceny ⊙⟾14(1), 15(1)—Delivery of ring for inspection is not intrusting it to another.

Where prosecuting witness delivered his ring to accused and his confederates merely to permit them to inspect it for the purpose of buying it, he did not thereby intrust it to them for his benefit, and the constructive possession remained with him throughout, so that their taking of the ring after it had been delivered to them amounted to larceny by trick, and not to the offense of converting property intrusted to them.

Appeal from the Supreme Court of the District of Columbia.

Horace G. Atkinson, otherwise known as Horace G. Atkisson, was convicted of converting a ring, which had been intrusted to him and others for the benefit of the complaining witness, and he appeals. Reversed, and new trial awarded.

F. Edward Mitchell, of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Justices.

ROBB, Associate Justice. Appeal from a judgment upon a verdict of guilty, under an indictment charging the defendant, appellant here, with fraudulently converting to his own use a finger ring of the value of $200, which had been intrusted to him and others "for the purpose of applying the same for the use and benefit" of the complaining witness.

On September 11, 1921, Harry I. Schiffern, the complaining witness, desiring to sell his diamond ring, was brought in touch with the defendant, Atkisson, who finally arranged to meet parties whom he thought might purchase it. The meeting took place as scheduled at 9 o'clock that night, and among those present were the complaining witness, the defendant Atkisson, and three other men, Baker, Bailey, and Black, who later were jointly indicted with Atkisson. Atkisson, pointing to Bailey, said he was the man who might buy the ring. Thereupon Bailey and Black asked to examine the ring, and it was handed to Bailey by Schiffern, with the statement that he (Schiffern) would sell it for $200. Some discussion took place as to the ownership of the ring and the price asked; Black meanwhile having taken from his pocket a roll of money containing two $100 bills. Finally Bailey told Schiffern that they did not have enough money to pay him and asked him to get into the car, the motor of which was still running, and go with them until they could get sufficient money. Schiffern declined to do this and asked for the return of his ring. Bailey then said to him, "If you don't come along with us, you can't get the ring back." The evidence tended to show that Schiffern remonstrated, and that Bailey, Black, and Atkisson then struck him, jumped into the automobile, and left, taking the ring with them. The evidence further tended to show that the three men suspected that the ring had been stolen by the complaining witness, although there were no facts upon which to base such a suspicion.

Two counts of the indictment were submitted to the jury; one charging larceny, and the other being the count here involved. The defendant was acquitted under the larceny count, and his counsel reserved an exception to the charge of the court to the effect that a conviction might be had under the count here.

[1] To sustain this conviction the government relies upon section 851b of the Code (37 Stat. 727), which provides:

"That if any person intrusted with the possession of anything of value, * * * for the purpose of applying the same for the use and benefit of the owner or person so delivering it, shall fraudulently convert the same to his own use, he shall * * * be punished," etc.

The section further provides that nothing contained therein shall be construed to alter or repeal the preceding sections of the subchapter of the Code to which it is added.

While this section has not been interpreted, we did say, in Talbert v. U. S., 42 App. D. C. 1, 18, that "we fail to perceive any bearing it has upon the question of larceny by fraud or trick." Under the provisions of this section, the possession of property must be intrusted "for the purpose of applying the same for the use and benefit" of the person so intrusting it; that is, the person to whom intrusted must be clothed with some actual dominion and control over the property for the purpose named. Otherwise, he is a mere temporary custodian, and, if he wrongfully appropriates the property, he is guilty of larceny, and not of the crime denounced by this section.

It is the rule, where property temporarily has been placed in the hands of another for a special or limited purpose, that possession constructively remains with the owner while the other party has the mere custody. The appropriation by the other party to his own use, therefore, is larceny. U. S. v. Strong, 2 Cranch, C. C. 251, Fed. Cas. No. 16,411; Talbert v. U. S., 42 App. D. C. 1, 16; Chanock v. U. S., 50 App. D. C. 54, 267 Fed. 612, 11 A. L. R. 799.

[2] In the present case, under no view of the evidence may it be said that there was any element of trust. Schiffern temporarily parted with the custody of his ring for one purpose only, namely, to permit its inspection by the defendant's confederates. It is too plain to admit of argument that when that inspection terminated their control was at an end. Constructively the possession remained with Schiffern throughout. The evidence clearly indicated that these men resorted to a trick to obtain the custody of the ring, with the intent and purpose of stealing it.

Bergman v. People, 177 Ill. 244, 52 N. E. 363, relied upon by the government, is not in point. There Bergman was intrusted with the possession of jewelry, with authority to dispose of it in the particular manner agreed upon, the proceeds to be applied for the benefit of the complaining witness.

Since there was no evidence warranting the submission to the jury of the count in question, we have no alternative but to reverse the judgment and award a new trial. It is so ordered.

Reversed.