THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
Error, *vs.* STANLEY V. VALANCHAUSKAS, Plaintiff in
Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 3, 1927.*

CRIMINAL LAW—*when a verdict must find value of property
taken.* Where an indictment charges a defendant with embezzle-
ment as cashier, which under the statute makes the offender guilty
of larceny, a verdict finding the defendant "guilty of embezzlement
in manner and form as charged in the indictment," without any
finding of the sum of money taken, is insufficient, as the court can
not determine from such verdict whether the defendant has been
found guilty of a felony or a misdemeanor.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. WORTH E. CAYLOR, Judge, presiding.

MILES J. DEVINE, and W. G. ANDERSON, for plaintiff
in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E.
CROWE, State's Attorney, and MERRILL F. WEHMHOFF,
(EDWARD E. WILSON, and CLARENCE E. NELSON, of coun-
sel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

An indictment consisting of three counts,—the first
charging Stanley V. Valanchauskas with the larceny as
bailee, the second with the embezzlement while assistant
cashier, and the third with the larceny, of $1000 in money
from the Universal State Bank, a corporation,—was re-
turned in the criminal court of Cook county. The jury
returned the following verdict: "We, the jury, find the de-
fendant, Stanley V. Valanchauskas, guilty of embezzlement
in manner and form as charged in the indictment. And
we further find from the evidence that the said defendant,

Stanley V. Valanchauskas, is now about the age of thirty-five years." Motions for a new trial and in arrest of judgment were made and overruled and Valanchauskas was sentenced to the penitentiary. He prosecutes this writ of error for a review of the record, and makes the contention, among others, for a reversal of the judgment, that the verdict is not sufficient to form the basis of a judgment because the jury failed to find the value of the property taken, and, in consequence, the extent and place of the punishment to be inflicted cannot be determined.

By section 170 of the Criminal Code (Cahill's Stat. 1925, p. 881,) the bailee of any money or other property, who, with the intent to steal, converts it to his own use, shall be deemed guilty of larceny. Section 74 of the same act (Ibid. p. 858,) provides that whoever embezzles or fraudulently converts to his own use money, goods or property delivered to him, which may be the subject of larceny, shall be deemed guilty of that crime. By the 75th section (Ibid. p. 858,) any officer, agent, clerk or servant of any incorporated company who embezzles or fraudulently converts to his own use any property of such company which has come to his possession or is under his care by virtue of his office or employment shall be deemed guilty of larceny. The amended act (Laws of 1921, p. 404; Cahill's Stat. 1925, p. 880,) fixes the punishment for the crime of larceny. It provides: "Every person convicted of larceny if the property stolen exceeds the value of fifteen dollars, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary not less than one, nor more than ten years; if the property stolen has not been stolen from the person of another and is of the value of fifteen dollars, or less, the person convicted shall be confined in the county jail, or sentenced to labor in the workhouse of the county, city or town, where the conviction is had, or on the streets or alleys of the city, or on the public roads in the county, or to such labor under the

direction of the sheriff as the county board may provide for, not exceeding one year, and fined not exceeding one hundred dollars."

Each of the counts in the indictment charges an offense which, if committed, makes the offender guilty of larceny. Both the place and the duration of the punishment to be inflicted upon a person convicted of larceny depend upon the value of the property taken. By the jury's verdict the plaintiff in error was found guilty of embezzlement. Upon that charge, as in the case of larceny, the question whether he should be imprisoned in the penitentiary from one to ten years or confined in the county jail or sentenced to labor in the workhouse or on the streets or public roads for a maximum of one year and fined would be determined by the value of the property stolen. A general verdict of guilty is not enough where the term and place of imprisonment depend upon the value of the property involved. (*Tobin* v. *People,* 104 Ill. 565; *People* v. *Jackson,* 312 id. 611.) In a prosecution for larceny the jury's verdict finding the defendant guilty must fix the value of the property stolen. (*Highland* v. *People,* 1 Scam. 392; *People* v. *Jackson, supra.*) While the jury found the plaintiff in error guilty of embezzlement, the money taken by him may have been only a portion of the sum charged in the indictment. Without a finding by the jury of the sum of money stolen the court could not determine whether the plaintiff in error had been found guilty of a felony or a misdemeanor. The verdict omitted this essential finding, and the trial court for that reason erred in sentencing the plaintiff in error to imprisonment in the penitentiary.

The judgment must therefore be reversed and the cause remanded to the criminal court of Cook county.

*Reversed and remanded.*