The People of the State of Illinois, Defendant in Error,
v. Ralph Snyder, Plaintiff in Error.

Gen. No. 34,548.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed March 2, 1931.

ELLIS & WESTBROOKS, RICHARD E. WESTBROOKS, BLAINE G. ALSTON, DEFRANTZ R. WILLIAMS and BARBARA WATTS GOODALL, for plaintiff in error; RICHARD E. WESTBROOKS, of counsel.

JOHN A. SWANSON, State's Attorney, for defendant in error; HENRY T. CHACE, JR., EDWARD E. WILSON and OTHO S. FASIG, Assistant State's Attorneys, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Upon trial by the court, a jury being waived and defendant pleading guilty, the court adjudged him guilty of larceny as bailee of property of the value of $15. He was sentenced to imprisonment in the House of Correction in the City of Chicago for the term of one year and fined $1 and costs. By this writ of error defendant seeks a reversal, presenting no bill of exceptions and making only one point, namely, that the information is insufficient in that it omits the word "fraudulently" which, it is argued, is an essential word in the statute which provides for penalties for bailees who fraudulently convert property to their own use.

The information charges that the defendant "then and there being the bailee of certain goods and chattels, to wit; one gent's watch of the value of fifteen dollars ($15.00), the personal goods and chattels of the J. H. Mace Co., a corporation, the said Ralph Snyder did then and there wilfully and unlawfully convert the said watch to his own use and gain with the intent then and there to steal the same and to permanently deprive of same the said J. H. Mace Co., a corporation, the lawful owner thereof," contrary to the form of statute in such case made and provided and against the peace and dignity of the People of the State of Illinois. It is unnecessary to determine whether or not the omission of the word "fraudulently" from the information makes it fatally defective, if the prosecution was under section 1, paragraph 389, chapter 38, Cahill's Illinois Statutes. The information shows that the prosecution was not under this section of the statute, but under section 170, paragraph 388, chapter 38, Cahill's Statutes. This reads as follows:

"If any bailee of any bank bill, note, money or other property, shall convert the same to his own use, with

intent to steal the same, or secretes the same with intent so to do, he shall be deemed guilty of larceny."

The information is couched in virtually the language of this statute. No essential word or element is missing and it will be noted that the word "fraudulently" is not contained in this statute. This sufficiently charged the offense which, if committed, makes the offender guilty of larceny. *People v. Valanchauskas,* 324 Ill. 187; *Young v. People,* 193 Ill. 236; *Bergman v. People,* 177 Ill. 244. It has been repeatedly held that, where the offense is statutory, it is sufficient to allege the crime in the words of the statute, provided it sufficiently defines the crime. *McCracken v. People,* 209 Ill. 215.

The judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.

SUPPLEMENTAL OPINION OF THE COURT UPON REHEARING.

Rehearing being allowed, attorneys for defendant reargue that one cannot be charged with the crime of larceny as bailee by information where the value of the property is for $15 or less, but must be proceeded against by indictment, citing *People v. Russell,* 245 Ill. 268, where it was held that larceny, irrespective of the amount involved, was an infamous crime which could be prosecuted by indictment only. The opinion in this case was filed in 1910. In 1911 the legislature provided that, if the punishment for larceny was by imprisonment in the penitentiary the crime would be infamous. Section 7, Division 2 (Cahill's St. ch. 38, ¶ 616). This left it open to proceed against one charged with petit larceny by information, as petit larceny was not an infamous crime. In *People v. Waltyn,* 191 Ill. App. 86, this section was held to change the com-

mon law under which petit larceny was a felony and to make this crime a misdemeanor; that while prior to the amendment of 1911 it was necessary to proceed against a defendant so charged by indictment, it was no longer necessary to do so after the amendment.

This would also apply to the crime of larceny by a bailee either under section 170 or section 170a, *Larceny,* chapter 38 (Cahill's St. ch. 38, ¶¶ 388 and 389). The latter section provides that one so charged "may be convicted thereof upon an indictment for larceny," yet this does not exclude proceeding by information where the amount taken would be a misdemeanor under the larceny statute. Both sections provide that conversion by a bailee shall be larceny. It follows that prosecution for conversion by bailee is governed by the same rules of procedure as in a case of larceny; that is, if the amount taken by the bailee is less than $15 he can be proceeded against by information, but if it is more it must be by indictment.

What we have said in our first opinion disposes of the criticism that the omission of the word "fraudulently" was a vital defect. This point is also met by the reasoning in *People v. Waltyn,* 191 Ill. App. 86. We might also cite *People v. St. Clair,* 244 Ill. 444, where the indictment was criticized as faulty in that it omitted the word "unlawfully." It was held that it was not necessary to use the very words of the statute defining the offense, but that it is sufficient if those used conveyed the same meaning.

It is next urged that the prosecution could not have been under section 170 for the reason that this section defines the property subject to larceny by a bailee as a "bank bill, note, money or other property," and that applying the rule of *ejusdem generis,* this means like property, that is, currency and not a watch, which is the subject of the conversion in the instant case. If this point has substance, it follows that until section

170a was in force, which was July 1, 1891, a bailee could not have been guilty of larceny unless the property converted to his use consisted of some form of currency. Section 170 was enacted in 1845.

Section 170 is under the heading of larceny in the statute, which provides that larceny shall embrace every theft which deprives another of his "money or other personal property." Section 170 virtually follows this language in describing property which may be the subject of conversion by bailee as "money or other property." In *Johnson v. People,* 113 Ill. 99, it was held that this provision (section 170) was not intended to apply to cases which are larcenies at common law, and hence all cases falling within it are statutory larcenies and therefore subject to the rule of pleading applicable to statutory offenses. Section 170 added to the common law crime of larceny, which included a trespass, a conversion by one to whom property was entrusted for keeping.

There is force in the argument presented by counsel for the People that, since the things mentioned as subjects of the crime are virtually the same in both the sections of the statute defining larceny and in section 170 making conversion by bailee a larceny, the language in both sections being money or other property, it would follow that, if a bailee can be guilty under this section of converting only some form of money, it would be equally true that under the larceny section he could be guilty of stealing only some form of money. This cannot be. The larceny act punishes the theft of any kind of personal property, and the larceny by a bailee act punishes a theft by a bailee of the same kind of property. In *Bergman v. People,* 177 Ill. 244, the conviction was affirmed where a defendant was charged with larceny as bailee under section 170. The property converted was jewelry. The opinion says the defendant "was a bailee of the property, within the

meaning of that word as employed in section 170 of the Criminal Code.''

Defendant's counsel also argues that section 170a, being the later statute to be enacted, repeals by implication section 170. Repeals by implication are not favored. *Hunt v. Chicago Horse & Dummy Ry. Co.,* 121 Ill. 638. Courts should give meaning to each enactment where possible. Section 170a provides that the bailee shall be guilty though ''he shall not break bulk or otherwise determine the bailment.'' The act also provides for the conversion of property entrusted to a bailee ''for the use of any other person than the owner.'' These provisions are not in section 170. Section 170a thus includes elements of a conversion not included in the former section, and while it may be true that a person under certain circumstances might be guilty of conversion under either section, it is also true that a person could be guilty under section 170a, when he might not be held under section 170.

After considering the points made by counsel for defendant, we see no reason to alter our former opinion and it is therefore confirmed.

*Confirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.