## RICE v. UNITED STATES.
### No. 751.

Municipal Court of Appeals for the
District of Columbia.

March 2, 1949.

James J. Laughlin, of Washington, D. C., for appellant.

Edward L. Carey, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and C. Frank Reifsnyder and John E. Lane, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of petit larceny.[1] The facts, as related by the prosecuting witness, were that on the day of the alleged offense she had an appointment which necessitated a trip by taxicab; that she discovered she had no money and borrowed a ten dollar bill from her son; that after making an unsuccessful effort to get the bill changed she hailed a taxicab driven by appellant and inquired if appellant could change the bill; that on appellant's assurance that she (appellant) had sufficient change, witness entered the cab and was driven to her destination; that the fare was seventy cents and witness gave appellant the ten dollar bill but appellant returned only thirty cents in change; that by the time witness realized the error she was out of the cab and appellant had driven away; and that later the same day witness talked with appellant and appellant denied receiving a ten dollar bill and stated she was not going to give back anything. That witness borrowed a ten dollar bill from her son on the morning of the occurrence was corroborated by testimony of the son.

Appellant admitted that the prosecuting witness had made inquiry about change for a ten dollar bill, but asserted that the witness tendered a one dollar bill—not a ten dollar bill—and was given the correct change.

■ Appellant contends that the offense, if any, was not larceny. The authorities are to the contrary. They hold that one who is handed a bill or coin for the purpose of making change receives only custody of the money, and if he returns less than the correct change, with the felonious intent of converting the remainder to his own use, he is guilty of larceny.[2] The two cases illustrating this rule, and most closely in point, are Finkelstein v. State, 105 Ga. 617, 31 S.E. 589, and Farrell v. People, 16 Ill. 506. The same conclusion has been reached in numerous similar cases.[3]

■ Appellant argues that the element of trick or design present in the cases of John v. United States, 65 App.D.C. 11, 79

---

[1] Code 1940, 22—2202.

[2] 52 C.J.S. Larceny, § 34; 32 Am.Jur., Larceny, § 56; 2 Wharton, Criminal Law, § 1217 (12th ed., 1932); Miller, Criminal Law, 360 (1934).

[3] Murphy v. People, 104 Ill. 528; Hilde-

F.2d 136, and Bimbo v. United States, 65 App.D.C. 246, 82 F.2d 852, certiorari denied, 297 U.S. 721, 56 S.Ct. 670, 80 L.Ed. 1006, is absent in this case. This is true, but it does not follow that the offense of larceny was not made out. In those cases possession was obtained by trickery. Here, as we have pointed out, appellant never acquired possession of the bill but only received custody for the purpose of making change.[4]

Appellant's remaining assignment of error is that there was insufficient evidence to justify conviction, since the testimony of complaining witness was uncorroborated. It has been repeatedly held that generally the testimony of a single witness may legally suffice as evidence upon which a jury may found a verdict.[5]

Affirmed.

---

brand v. People, 56 N.Y. 394, 15 Am. Rep. 435; Commonwealth v. O'Malley, 97 Mass. 584; State v. Anderson, 25 Minn. 66, 33 Am.Rep. 455; Walker v. State, 9 Ga.App. 863, 72 S.E. 446. See also State v. Harrison, 347 Mo. 1230, 152 S.W.2d 161; McGraw v. State, 142 Tex.Crim. R. 432, 154 S.W.2d 645; Chanock v. United States, 50 App.D.C. 54, 267 F. 612, 11 A.L.R. 799; Atkinson v. United States, 53 App.D.C. 277, 289 F. 935.

[4] The information charged larceny of money of the value of nine dollars. Should not the value have been stated as ten dollars? See Finkelstein v. State, supra; Walters v. State, 17 Tex.App. 226, 50 Am.Rep. 128; Farrell v. People, supra; 2 Wharton, Criminal Law, § 1217, footnote 18 (12th ed., 1932). However, this point was raised neither in the court below nor here and therefore we do not consider it.

[5] United States v. Simon, 3 Cir., 119 F. 2d 679, certiorari denied, 314 U.S. 623, 62 S.Ct. 78, 86 L.Ed. 500; People v. Kozlowski, 370 Ill. 639, 19 N.E.2d 612; Haskette v. State, 65 Okl.Cr. 299, 85 P.2d 761; 7 Wigmore, Evidence, § 2034 (3rd ed., 1940).