**UNITED STATES, Plaintiff,**

v.

**Anthony MANOLIAS, Defendant.**
**Crim. No. 598–60.**

United States District Court
District of Columbia.

Jan. 13, 1961.

Oliver Gasch, U. S. Atty., Fred L. McIntyre, Asst. U. S. Atty., for the District of Columbia, Washington, D. C., for plaintiff.

James B. Davis, Rockville, Md., Stanley R. Jacobs, Washington, D. C., for defendant.

PINE, Chief Judge.

This is a motion for judgment of acquittal notwithstanding the verdict or in the alternative for a new trial.

Defendant was indicted in a four count indictment. Count one charged false pretenses, count two charged larceny after trust, count three charged larceny, count four charged embezzlement. The last three counts relate to the same transaction and the indictment was in the alternative to meet the exigencies of the proof.

Defendant waived a trial by jury and the case was tried to the Court. At the close of the Government's case a judgment of acquittal was entered in respect of the first count on the ground that some of the alleged representations had not been proved and that those which had been proved related to future transactions and not to past events or existing facts. Chaplin v. U. S., 81 U.S.App.D.C. 80, 157 F.2d 697, 168 A.L.R. 828. A judgment of acquittal was also entered on the third and fourth counts on the ground that no trespass had been established in respect of the third or larceny count, and that no relationship of agent, clerk or servant, a necessary ingredient in an embezzlement charge, had been established in respect of the fourth, or embezzlement count. The correctness of this action by the Court on the third and fourth counts was conceded by the Government.

This left remaining only the second count, charging larceny after trust. It appears without contradiction that defendant entered into a verbal contract with the complaining witness to do some electrical work as an *independent contractor* on the complaining witness' property, that defendant, at the suggestion of the complaining witness, went to a supply house where the latter had an account and obtained the property referred to in the second count, namely a distribution panel and some electrical cable, allegedly for use in the performance of his contract and that the same were charged to the account of and paid for by the complaining witness. The Government offered evidence that this property was not delivered to complaining witness and not used in the electrical work, but was converted by defendant to his own use. Defendant offered evidence to the contrary. On the facts, and pursuant to the verbal opinion of the Court at the close of the case, after full argument, I found the defendant guilty on the second count.

The only question before me is whether or not, on these facts, the defendant is guilty of larceny after trust. The statute on this subject reads, so far as pertinent, as follows:

"That if any person entrusted with the possession of anything of value, * * * for the purpose of applying the same for the use and benefit of the owner or person, so delivering it, shall fraudulently convert the same to his own use he shall" be punished as therein provided. § 22–2203, D.C.Code 1951.

The evidence showed beyond a reasonable doubt that defendant, not as an agent,

clerk or servant, but in his capacity as independent contractor, was entrusted with the possession of property of value, that he was entrusted with this possession for the purpose of applying the same for the use and benefit of the complaining witness, the owner, and that he fraudulently converted it to his own use. Defendant, however, as I understand it, claims that the property was not delivered to him by the owner and therefore that he falls without the statute. It is clear to me that when the vendor supply company delivered the property to defendant it acted for the owner. To me this equates delivery by the owner. It would exalt legalism to the nth degree to conclude that defendant would be guilty if the owner personally delivered the property to defendant, but innocent if the owner's vendor, acting for the owner, made delivery.

However, assuming arguendo, that the owner did not make delivery, this would not absolve defendant, for as I read the statute, delivery by the owner is not required. The words "so delivering" appearing therein modify the word "person" and not the word "owner", thus making the statute applicable in the case of an owner, as here, regardless of delivery by him, provided the other elements are present, and also to a person other than owner who makes delivery. It thereby provides protection against fraudulent conversion from one in legal possession who makes delivery but who is not the owner, for example, the lessee of an automobile or other equipment for a term, as well as the owner.

■ Defendant also claims that he was only a custodian of the property, but there would seem to be no merit in this contention in the light of the facts in this case and the opinion of this Court in Atkinson v. United States, 53 App.D.C. 277, 289 F. 935, wherein, after quoting from the statute, the Court states that the person to whom the property is entrusted must be clothed with some actual dominion or control over the property for the purpose named to come within the statute. Here the evidence clearly shows that the defendant was entrusted with the property and had complete dominion and control over it for the purpose of installing it in connection with the electrical work which defendant had contracted to do as an independent contractor.

The motion for judgment of acquittal n. o. v., therefore, will be denied. I see no basis for granting a motion for a new trial and no grounds therefore have been argued. That motion will likewise be denied.