Walter W. REED, Appellant,

v.

UNITED STATES, Appellee.

No. 4378.

District of Columbia Court of Appeals.

Submitted Feb. 5, 1968.

Decided March 15, 1968.

O. B. Parker, Washington, D. C., (appointed by this court) for appellant.

David G. Bress, U. S. Atty., with whom Frank Q. Nebeker and A. Lee Fentress, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge.

Following a nonjury trial, appellant was convicted of petit larceny.[1] He challenges the sufficiency of the evidence to support the finding of guilty beyond a reasonable doubt. Our review of the record convinces us that there is no merit to this contention.

Appellant also charges that the offense of which he was convicted was not the same offense charged in the information because the evidence failed to show a trespass, which is an element of the offense of larceny. He suggests, however, that the same evidence might sustain a conviction of larceny after trust.[2]

At trial the prosecuting witness testified that appellant and a companion accosted him on the street and invited him to join them on a visit to a prostitute. As the three men proceeded down the street, supposedly en route for that purpose, appellant and his accomplice induced the witness to demonstrate his trust in them by turning over his money to them and permitting them to walk around the block. Upon receiving the money, appellant and his accomplice walked away and never returned.

1. § 22–2202 D.C.Code, 1967.

2. § 22–2203 D.C.Code, 1967.

■ To constitute larceny there must be a taking of the thing which is the subject of the crime, against the will or without the consent of the owner. It is a trespass against possession, and not against ownership or title. Levin v. United States, 119 U.S.App.D.C. 156, 159, 338 F.2d 265, 268 (1965), cert. denied, 379 U.S. 999, 85 S.Ct. 719, 13 L.Ed.2d 701. But " '[i]f a person, with a preconceived design to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases the fraud vitiates the transaction, and the owner is still deemed to retain a constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass.' " John v. United States, 65 App.D.C. 11, 12–13, 79 F.2d 136, 137–138 (1935), citing 17 R.C.L. 13; Skantze v. United States, 110 U.S.App.D.C. 14, 17, 288 F.2d 416, 419 (1961), cert. denied, 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261.[3] Similarly, where the possessor of property gives up temporary custody for a limited purpose and without relinquishing actual dominion or control, the custodian's conversion of that property is larceny. Constructive possession of the property is retained when no actual dominion or control over property is given up and the subsqeuent conversion by the custodian is an offense against that retained possession. Talbert v. United States, 42 App.D.C. 1 (1914), cert. denied, 234 U.S. 762, 34 S.Ct. 997, 58 L.Ed. 1581; Chanock v. United States, 50 App.D.C. 54, 267 F. 612 (1920); Atkinson v. United States, 53 App. D.C. 277, 289 F. 935 (1923).

■ Larceny after trust occurs when possession of property is entrusted to a person for the purpose of applying that property to the use and benefit of the owner. The crime is committed when the person to whom the property has been entrusted wrongfully converts it to his own use. A preconceived specific intent to deprive the owner of possession is not an element of this crime. But the person to whom possession of property is entrusted must be given actual dominion and control over the property for the purpose set forth by the owner. A mere temporary custodian cannot commit larceny after trust. Atkinson v. United States, supra; United States v. Manolias, 190 F.Supp. 234 (D.D.C.1961).

■ In the instant case, although the record does not reflect the precise basis for the trial judge's finding of guilty, there is ample evidence to sustain the conviction upon the ground that appellant, with preconceived intention to deprive the complaining witness of his money, gained possession thereof by artifice or trickery and immediately converted it to his own use. This would be a reasonable finding since the "nature and character of money or currency make it seldom susceptible of mere custody, unless specific or physical restrictions as to its use or disbursement are coupled with its delivery." Arbuckle v. United States, 79 U.S.App.D.C. 282, 283, 146 F.2d 657, 658 (1944). On the other hand, the trial judge might have based the conviction on the premise that as the money was delivered by the complaining witness to appellant for the limited purpose of carrying it around the block and promptly returning it, appellant was a mere temporary custodian and his failure to come back amounted to a wrongful conversion and larceny. Based upon either finding, a larceny conviction is proper.

---

3. Ballard v. United States, 99 U.S.App. D.C. 101, 237 F.2d 582 (1956), cert. denied, 352 U.S. 1017, 77 S.Ct. 574, 1 L.Ed. 2d 554; Graham v. United States, 88 U.S.App.D.C. 129, 130, 187 F.2d 87, 88 (1950), cert. denied, 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353 (1951); People v. Edwards, 72 Cal.App. 102, 236 P. 944, 948 (1925).

We hold that appellant was properly charged and informed of the offense and that all elements of the crime of larceny were fully established by the evidence at trial. His conviction is therefore

Affirmed.