Samuel FOWLER, Appellant,

v.

UNITED STATES, Appellee.

No. 8738.

District of Columbia Court of Appeals.

Submitted March 9, 1976.

Decided April 11, 1977.

Wallace E. Shipp, Jr., Columbia, Md., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Joseph B. Valder, and Henry H. Kennedy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEBEKER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was charged with having perpetrated a series of "flimflam" schemes designed to defraud four women individually on a total of seven occasions of substantial sums of money. He was charged in a 21-count indictment consisting of seven counts of grand larceny, seven counts of larceny after trust and seven counts of false pretenses. Of these, appellant was convicted of five counts of grand larceny and five counts of false pretenses.[1] Each

---

1. Six counts of the indictment, two of each of the three charged offenses, were dismissed by the trial court on the ground that in two of the seven indictments included in the indictment,

count of false pretenses was based on the same transaction as one of the grand larceny counts. After conviction, appellant was sentenced to concurrent terms of imprisonment for two to six years on each of the grand larceny counts, and to terms of one to three years on each of the false pretenses counts, to run concurrently with each other but to run consecutively to the sentences on the five grand larceny counts. He argues on appeal (1) that the trial court erred by denying his motion to sever the indictment for separate trial of the charges as they relate to each of the four complainants; (2) that the trial court erred by permitting convictions of both false pretenses and grand larceny on each of the fraudulent transactions proved at trial; and (3) that the trial court could not order him to serve consecutive sentences for charges of false pretenses and grand larceny arising out of the same transaction. We affirm.

First raised is the motion to sever. Super.Ct.Cr.R. 8(a) permits joinder if the offenses charged are of the same or similar character or are based on two or more acts or transactions constituting parts of a common scheme or plan. Appellant based his motion on Super.Ct.Cr.R. 14 [2] claiming he was prejudiced by the joinder. We think his point is not well taken. We have held that "[t]he decision to sever counts is committed to the sound discretion of the trial judge." *Coleman v. United States,* D.C. App., 298 A.2d 40, 42 (1972), *cert. denied,* 413 U.S. 921, 93 S.Ct. 3070, 37 L.Ed.2d 1043 (1973). As we shall see, this record does not indicate that the trial judge abused his discretion in denying the motion.

■ The various offenses which congealed in the indictment were all of a piece in that, taken together, they composed the elements of a common scheme of deception which ultimately separated all four victims

from their money. Each of the victims was a woman. Appellant made romantic advances to three of the four. He proposed marriage to two of the four. Appellant told all four that he was an experienced businessman and that they could reap substantial financial gain by joining him in a business relationship. He was able to obtain money from all four by telling each she would have some interest in his business and that the money would be used to pay a tax lien or some other debt of the business venture. The individual fraudulent schemes were probative of each other and evidence of each would have been admissible in a trial of the others had they been tried separately.[3] Whatever prejudice the appellant may have suffered from the joinder did not outweigh the considerations of economy and expedition in judicial administration. We consequently find no abuse of discretion committed in the decision to proceed on the unsevered indictment.

■ Appellant argues next that the court should have instructed the jury that it could not return a guilty verdict for both grand larceny and false pretenses for each of the seven transactions set forth in the indictment as the two crimes are legally inconsistent. In *Skantze v. United States,* 110 U.S.App.D.C. 14, 288 F.2d 416, *cert. denied,* 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261 (1961), the United States Court of Appeals concluded that the two offenses are not inconsistent but may give rise to separate convictions on the same transaction. An inconsistency would arise only if appellant had been convicted of larceny after trust in violation of D.C.Code 1973, § 22–2203 in addition to grand larceny or false pretenses. In that situation a conviction of larceny after trust would require a finding that the defendant's original acquisition of the vic-

---

the money had changed hands outside the District of Columbia. The jury was instructed to return verdicts of not guilty on the remaining larceny after trust counts if it found appellant guilty on the remaining grand larceny counts.

**2.** Both rules correspond to the federal rules of the same number.

**3.** *See Coleman v. United States, supra; Wil-·liams v. United States,* D.C.App., 263 A.2d 659 (1970); *Baker v. United States,* 131 U.S.App. D.C. 7, 401 F.2d 958 (1968), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); *Payne v. United States,* 111 U.S.App.D.C. 94, 294 F.2d 723, *cert. denied,* 368 U.S. 883, 82 S.Ct. 131, 7 L.Ed.2d 83 (1961).

tim's property was legal and did not involve an unlawful taking. *Reed v. United States,* D.C.App., 239 A.2d 156 (1968). *See also United States v. Gay,* 133 U.S.App.D.C. 337, 410 F.2d 1036 (1969). It would then necessarily be inconsistent for a jury also to find him guilty of larceny or false pretenses because both offenses require the jury to conclude that the original acquisition of property was unlawful. The trial court apparently was alert to this problem since it instructed the jury that if it found the appellant guilty of grand larceny it should without further consideration find him not guilty of larceny after trust.

■ Finally, appellant Fowler argues that the trial court could not properly order that the sentences entered on the false pretense counts run consecutively to the sentences entered on the grand larceny counts. The authority of the trial court to order consecutive sentences for offenses arising out of the same transaction is found in D.C.Code 1973, § 23–112, which provides:

A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence shall expressly provide otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

In applying the section to the instant case, we must consider the elements of the two offenses and determine whether each requires proof of a fact which the other does not. *See Hammond v. United States,* D.C. App., 345 A.2d 140 (1975).

■ The crime of false pretenses, made punishable by D.C.Code 1973, § 22–1301, has five elements: false representation; knowledge of falsity; intent to defraud; reliance by the defrauded party; and obtaining something of value through a false representation. *Ciullo v. United States,* 117 U.S. App.D.C. 31, 325 F.2d 227 (1963). The elements now recognized as constituting the crime of larceny include: the felonious taking, and carrying away of personal property, of another, with the intent to appropriate the property to a use inconsistent with the owner's rights. *Fredericks v. United States,* D.C.App., 306 A.2d 268 (1973). It has long been held in this jurisdiction that one who obtains property or money of the value of $100 or more from another upon the representation that he will perform a certain service for the latter, intending at the time to convert the money or property, and actually converting it to his own use, is guilty of larceny in violation of D.C.Code 1973, § 22–2201. *Skantze v. United States, supra.*

■ The critical and controlling difference between the two offenses is that false pretenses merely requires proof of an intent to defraud at the time possession of the property is obtained, while larceny requires proof of a conversion after possession is obtained with the intent to appropriate the property to a use inconsistent with the owner's rights. In the present case, the evidence established that appellant not only defrauded the complainants, but also that he entertained the specific intent to steal from the very outset. He consummated his purpose by later converting the funds he received to his own use. We therefore conclude that the imposition of consecutive sentences was not beyond the authority conferred by D.C.Code 1973, § 23–112. Although the offenses arose out of the same transaction, one required proof of a fact which the other did not.

■ We must disagree with the reasoning in the dissent that "the government was required to show that appellant did convert the money, in order to show that his initial representations were false . . . ." The prosecution did not need to rely upon its proof of an actual conversion of property by the defendant in order to establish that the representations which he made to the complainants were false. For example, various statements by appellant concerning his profession and business investments, which were made to induce the transfer of funds, were shown to be false without relying on evidence that he ultimately appropriated the funds for his own purposes.

We do not hold, in the present action, that convictions for grand larceny and false pretenses necessitate mandatory consecutive sentences. We decide only the issue of the legal propriety of cumulative sentencing in this case. The imposition of concurrent sentences under the authority of § 23–112 remains within the sound discretion of the trial court.

*Affirmed.*

MACK, Associate Judge, dissenting in part:

I concur in the affirmance of appellant's convictions, but I would remand for resentencing, since in my view the court improperly imposed consecutive sentences for the crimes of larceny and false pretenses. I do not follow the reasoning of my colleagues that one offense required proof of a fact that the other did not. *See* D.C.Code 1973, § 23–112.

Even when viewed in the abstract, the distinction between such offenses as false pretenses and larceny by trick is so obscure as to have prompted recommendations from prestigious sources that common law crimes against property, with their fine hairline distinctions, be abolished and replaced with all-inclusive offenses. *See. e. g., Skantze v. United States,* 110 U.S.App.D.C. 14, 17, 288 F.2d 416, 419 (Circuit Judge Bastian, dissenting in part), *cert. denied,* 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261 (1961). In the context of this case, the distinction is more than obscure. Here we are dealing with circumstances where property was voluntarily transferred. In order to prove larceny, therefore, the government had to show that the victim intended to pass the property to the appellant for a limited or special purpose only; *i. e.,* that the victim theoretically retained an interest in the property capable of being "taken" within the common law and statutory definition of larceny. At the same time, the government had to show, by proving that false representations were made, that the appellant intended to "take" and keep that interest at the time of the transfer. Without more, therefore, once the larceny was proven, the false

pretenses offense was proven as well. Conversely, the government was required to show that appellant did convert the money, in order to show that his initial representations were false or that he obtained something of value.

Both the false pretenses and grand larceny charges were brought to protect the same societal interest, the preservation of personal property against misappropriation. They were based on the same transactions. Proof of one required—and established—proof of the other. Historical and theoretical considerations aside, the fact is that appellant perpetrated but one crime against each of his victims. To punish him twice for that one crime seems to me unfair. I respectfully dissent.